## 53043. MOORE v. THE STATE.

WEBB, Judge.

Curtis Moore and Michael Pearson were charged with aggravated assault, attempt to commit armed robbery and burglary. All three counts of the indictment arose out of a single transaction occurring on the night of October 16, 1975, when Pearson was alleged to have shot Everett T. McCauley and attempted to rifle the cash register at a service station in McDuffie County where McCauley was working. The state sought to prove Moore's guilt on a conspiracy theory. Moore admitted his presence at the scene at the time the crime was committed but denied any prior knowledge of Pearson's criminal intent, or that he in any way participated, encouraged, aided or abetted the commission of any crime. Moore was found guilty by a jury as to all counts and sentenced to serve ten years for the offense of aggravated assault, ten years for criminal attempt to commit armed robbery to be served consecutively, and five years probation for burglary to

run consecutively to the first two sentences. His amended motion for new trial was denied and he appeals.

1. The first five enumerations of error relate to the denial of Moore's motion for new trial on the general grounds. He contends that the record is devoid of any evidence of conspiracy on his part. We do not agree.

The evidence showed that McCauley was shot when he went out to investigate a noise behind the service station. Moore testified that he and Pearson walked together to the station, tried the door and found it locked; that Pearson stepped on something that made a noise and went around the side of the station; that he knew Pearson had a pistol because "he kept taking it out of his pocket, putting it back in there"; that Pearson went in the station and "shook" the cash register, and then they "took off" to the home of Pearson's aunt where Pearson changed clothes. Moore also told the investigating agents: "I think Mike was going to rob the man; but he told me he shot him for revenge; but I don't believe it. I'm going to tell you the truth. I don't believe it." A friend testified that she was with Moore and Pearson several days later and overheard them talking about a shooting in McDuffie County, that "they were talking about how they did, held up this man with a gun and all [but] they said it in a joking manner and I never took them serious about it."

While there was no proof of an express agreement to commit a crime, since Moore was present when the criminal acts were committed by Pearson it may be inferred that he acquiesced in them, and thereby became part of the conspiracy to commit the offenses charged and bound by the acts of the other. *Hammond v. State,* 124 Ga. App. 523, 524 (4) (184 SE2d 512) (1971). "It is for the jury to determine whether from the whole evidence, a conspiracy has been shown. *Coleman v. State,* 141 Ga. 731, 733 (82 SE 228). Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration to support a verdict. *Hargrove v. State,* 125 Ga. 270, 274 (54 SE 164). It may be circumstantial as well as direct. *Weaver v. State,* 135 Ga. 317 (1) (69 SE 488). Declarations and conversation overheard between co-indictees in or out of the presence of the defendant are admissible. *Harris v.*

*State,* 184 Ga. 382, 392 (191 SE 439). The acts, conduct, and statements of a conspirator, not only in the perpetration of a common criminal enterprise but in an effort at concealment, are admissible. *Byrd v. State,* 68 Ga. 661; *Rawlings v. State,* 163 Ga. 406 (2) (136 SE 448)." *Nuckles v. State,* 137 Ga. App. 200, 201 (2) (223 SE2d 245) (1976).

Moore's explanation as to why he was with Pearson at the scene of the crime was for the jury to consider and to give such weight as it saw fit (*Pounds v. State,* 136 Ga. App. 852 (1) (222 SE2d 629) (1975), *Jerdine v. State,* 137 Ga. App. 811 (224 SE2d 803) (1976)), and this court will not address itself to the question of whether the verdict was against the weight of the evidence. *Ridley v. State,* 236 Ga. 147, 148 (1) (223 SE2d 131) (1976). We conclude that the evidence in its totality was sufficient to support the conviction. See *Daniel v. State,* 130 Ga. App. 548 (1) (203 SE2d 736) (1974); *Northcutt v. State,* 228 Ga. 653 (187 SE2d 260) (1972).

2. Moore's contention that the trial court erred in sentencing him separately for the burglary and attempted armed robbery convictions because both offenses formed a single transaction is without merit.

Code Ann. § 26-506 (a) provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other,[1] or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." Moore argues that his conviction of both burglary and armed robbery violate these statutory prohibitions, but he does not indicate which offense is the lesser included, or which is defined to prohibit only a designated kind of conduct or a specific instance of conduct. Nor has he cited any authority upon which to base this assertion.

---

[1] As to when one crime is included in another, Code Ann. § 26-505 provides: "An accused may be convicted of a crime included in a crime charged in the indictment, information or accusation. A crime is so included when:

Common law burglary was recognized as an offense against habitation, whereas robbery was classified as a species of aggravated larceny which violated the social interest in the safety and security of the person as well as the social interest in the protection of property rights. See generally, Perkins, Criminal Law, Chapters 3, § 1, 4, § 2 (1957). The statutory definition of these offenses makes it clear that the Georgia legislature also intended to prohibit two designated kinds of general conduct, and that the two crimes, which were codified in separate chapters, are not established by the same proof of all the facts. (Criminal Code Ch. 26-16, "Burglary and Related Offenses;" Ch. 26-19, "Robbery.") The burglary statute prohibits specified types of entry on the property of another without permission and with intent to commit a felony or theft. Code Ann. § 26-1601. Armed robbery does not involve any entry and can be committed anywhere, but the perpetrator must have an offensive weapon and property must be taken from the person or immediate presence of another. Code Ann. § 26-1902. Thus neither crime is a lesser, or included, offense of the other as a matter of law or fact, for the facts must differ to convict under the statutes. Compare *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974); *Biddy v. State,* 138 Ga. App. 4, 6 (3) (225 SE2d 448) (1976).

3. Moore complains that McCauley was allowed to testify over his objections as to previous trouble he had had with Pearson. The court admitted this testimony at that particular time subject to later objections, but no further objection was ever made. Likewise, no objection was made to colloquy between the district attorney and Moore concerning whether Pearson was going to testify for the defense, which is now enumerated as error. There being no ruling of the trial court, there is nothing for this

(a) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged, or (b) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission."

court to consider. *Johnson v. State,* 136 Ga. App. 629 (1) (222 SE2d 146) (1975); *Pounds v. State,* 136 Ga. App. 852, 853 (5), supra.

4. Charges on credibility of witnesses, conspiracy and renunciation of criminal purpose were correct statements of the law, adjusted to the evidence presented and proper guidelines for the jury as established by past appellate decisions. We find no error for any reason assigned.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED NOVEMBER 2, 1976 — DECIDED DECEMBER 1, 1976 — REHEARING DENIED DECEMBER 16, 1976.

*Wheeler & Dunaway, Roger W. Dunaway, Jr.,* for appellant.

*Kenneth E. Goolsby, District Attorney, Dennis C. Sanders, Assistant District Attorney,* for appellee.