## 67236. CHITWOOD v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of armed robbery, aggravated assault upon a peace officer, and mutiny in a penal institution. The appeal of his co-defendants can be found in *Green v. State*, 170 Ga. App. 594 (317 SE2d 609).

1. In his first enumerated error, appellant maintains that the denial of his motion for severance was error. "When indicted . . . for a felony less than capital, . . . such defendants may be tried jointly or separately in the discretion of the trial court." OCGA § 17-8-4. "Our Supreme Court has enunciated three principal considerations for the trial judge in exercising its discretion. *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856). [Cit.] However, as held in [*Cain*], 'the burden is on

the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal . . . He must make a clear showing of prejudice and a consequent denial of due process.' [Cits.] This is the paramount factor to be determined.

"Under the facts here, we decline to disturb the trial judge's ruling in denying severance since there is no showing that the defendant suffered such prejudice as to amount to a denial of due process. [Cit.]" *Harper v. State*, 166 Ga. App. 797 (1) (305 SE2d 488).

2. Appellant argues that the evidence of armed robbery was insufficient to support the conviction. However, the state presented evidence which showed that appellant and his co-defendants, all prison inmates, used a metal table leg to assault a prison guard, and then relieved the guard of his prison keys and radio as well as personal property. There can be no doubt that the jury was authorized to find that the table leg, as used, was an "offensive weapon." *Meminger v. State*, 160 Ga. App. 509 (2) (287 SE2d 296), revd. on other grounds, 249 Ga. 561 (292 SE2d 681). Furthermore, there was evidence that "property of another" was taken "from the person . . . of another" as well as "from . . . the immediate presence of another." Appellant claims that the state failed to prove that he had the "intent to commit theft." However, "[i]t is not necessary for the state to show that appellant expressed an intent to rob in so many words, or declared a purpose to carry the intent into effect, for the jury to arrive at the conclusion he so intended. The intention may be gathered from the circumstances of the case as proved. In seeking the motives of human conduct, inferences and deductions may properly be considered where they flow naturally from the facts proved. [Cit.]" *Fears v. State*, 152 Ga. App. 817 (2) (264 SE2d 284). Thus, the evidence was sufficient to withstand appellant's motion for directed verdict on the armed robbery count.

3. Appellant maintains that the trial court erroneously denied his motion to dismiss the aggravated assault charge. In that pre-trial motion, appellant contended that the offense of aggravated assault was precluded because it merged into the mutiny charge.

The trial court's denial of the motion was not error. OCGA § 16-1-7 (a) permits the state to prosecute an individual for each crime his conduct established. It is the *conviction* of more than one crime established by the same conduct that § 16-1-7 (a) forbids and, at the time appellant sought the dismissal of the aggravated assault, he had not yet been convicted of more than one crime established by the same conduct. *Pryor v. State*, 238 Ga. 698, 700 (234 SE2d 918). Thus, the motion was properly denied.

4. As noted above, OCGA § 16-1-7 (a) prevents an individual's conviction and punishment for multiple offenses arising from the

same criminal conduct. "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." OCGA § 16-1-7 (a). The above statute is the codification of the substantive aspect of the double jeopardy principle in that it relates to the penalty for criminal conduct as distinguished from the procedural aspects of successive prosecutions. *State v. Estevez*, 232 Ga. 316, 319 (1) (206 SE2d 475). "[A] crime is an included crime and multiple punishment therefor is barred if it is the same as a matter of fact *or* as a matter of law. . . ." Id. Offenses "may merge as a matter of fact under [OCGA § 16-1-6 (1)] if one is 'established by proof of the same or less than all the facts . . .' [Cit.]" *Dunbar v. State*, 163 Ga. App. 243 (2) (292 SE2d 897). "[U]nder the [indictment], as drawn, the aggravated assault conviction must merge with the armed robbery conviction. The [table leg was] used against the victim in an effort to subdue him prior to taking [the prison keys, radio and personal property]. Thus, the facts adduced to support the armed robbery charge, as it was set forth in the indictment, were the same facts used to support the aggravated assault charge, as it was set forth in the indictment. Under these circumstances, the aggravated assault charge must be considered an included offense within the armed robbery charge pursuant to [OCGA § 16-1-6 (a)]." *Hizine v. State*, 148 Ga. App. 375 (1) (251 SE2d 393). Compare *Dunbar v. State*, supra, Division 2. Since OCGA § 16-1-7 (a) forbids the conviction of appellant for both crimes, the conviction for the included offense, aggravated assault, must be vacated.

*Judgments affirmed as to armed robbery and mutiny. Judgment vacated as to aggravated assault. McMurray, C. J., and Birdsong, J., concur.*

Decided March 13, 1984 — Rehearing denied March 27, 1984.

*Joseph E. Williams, Jr.*, for appellant.
*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Thomas J. Matthews, Assistant District Attorneys*, for appellee.