### 69167. EVANS v. THE STATE.
(327 SE2d 784)

BEASLEY, Judge.

The defendant, Mary Lucille Evans, appeals her conviction for armed robbery and aggravated assault.

The evidence authorized the jury to find beyond a reasonable doubt that defendant entered an alley where a crap game was in progress, shot Sam Cunningham without justification, and took money from his hand which she claimed Sam had taken from her son. *Held*:

1. The defendant contends the trial court erred in refusing to grant a mistrial when the State's witness answered a question on cross-examination in such a way that it placed the character of the defendant in issue.

The victim had testified on direct examination that defendant never gave him an opportunity to give her the money she claimed, before she shot him. On cross-examination, defendant's counsel asked why the victim wanted an opportunity to give her the money he had if, as he claimed, he had not taken the money from her son in the first place. After some colloquy with regard to the question and answer, the question was restated by defense counsel in much the same language: "Did you feel like you owed Lucille Evans any money — if you didn't why did you answer [the district attorney's] question: 'She didn't give me an opportunity to give her the money. Why did you feel like you needed an opportunity if you didn't even take it?" The witness answered: "Because she pulled out a pistol. I wondered why did she pull out a pistol. She could have said something. Sam, you know me better than this. Give me my money or some money back. She had a reason to come down there, and she admits she came there for a reason. She must have wanted to shoot me. I know Lucille carries a pistol on her all the time. When I saw the pistol —." Defendant asked for a mistrial, which was denied.

It is obvious that the victim was merely responding to counsel's question, to explain his motive, why he would want to give defendant the money even though he had not stolen it. This was precisely what he had been asked. Earlier he had tried to answer the question thus: "All right I will answer that I would prefer not to have been shot." So defendant's counsel opened the door for the victim's explanation and thereby himself prompted the putting of her character in issue, even if it can be said that a woman's carrying a pistol per se puts her character in issue.

The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with. *Ladson v. State*, 248 Ga. 470 (12) (285 SE2d 508) (1981); accord *Stanley v. State*, 250 Ga. 3 (2) (295 SE2d 315) (1982).

Of course, induced error is impermissible, *Edwards v. State*, 235 Ga. 603, 604 (221 SE2d 28) (1975), but counsel argues that the remark was unresponsive. As shown, however, it was not. Even if it was, "[o]n a motion for mistrial based on such testimony the trial judge has a large discretion and, where the improper matter has in fact been volunteered by a witness by an answer not responsive to the question it has frequently been held that action on the part of the trial court . . . in reprimanding and cautioning the witness, is a sufficient corrective procedure . . . ." *Bowen v. State*, 123 Ga. App. 670 (1) (182 SE2d 134) (1971). Therefore, when the judge excused the jury and cautioned the counsel and witness not to talk about carrying a pistol other than on the occasion at issue, he complied with all necessary corrective procedures. *Hollis v. State*, 97 Ga. App. 145 (1) (102 SE2d 610) (1958). This enumeration is without merit.

2. Error is enumerated in the trial court "sentencing Appellant for both armed robbery and aggravated assault when the two offenses merged as a matter of fact in this case." Although not articulated as such, defendant asserts a claim of statutory double jeopardy. The aspect she invokes is that branch of the substantive one which prohibits multiple punishment if one crime is included in the other crime as a matter of fact. The rule for determining whether a crime is an included crime as a matter of fact is found in OCGA § 16-1-6 (1). See *State v. Estevez*, 232 Ga. 316, 319-320 (206 SE2d 475) (1974); *Pryor v. State*, 238 Ga. 698, 700 (234 SE2d 918) (1977). A crime is included when "(1) [i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged." OCGA § 16-1-6 (1).

Appellant contends that all of the evidence adduced to establish the aggravated assault also served to prove armed robbery, and "no additional evidence of aggravated assault" was proven which was not

essential to prove the armed robbery. We do not agree with this analysis.

We find that the aggravated assault was not included within the armed robbery as a matter of fact. The crime of aggravated assault was completed as a matter of fact before she robbed the victim. Had she left after she shot him, she would be guilty only of aggravated assault. But, having used the weapon to bodily harm the victim, she also used it to effect a theft. The first crime required only a general intent she intended to shoot, that is, to do the act. The latter required a different intent, the specific intent to commit a theft; it was coupled with the use of the weapon for the purpose of getting the money out of the victim's hand. The two acts were in fact separate, although one followed the other in rapid succession. Each act, shooting and taking, constituted distinct and different movements by defendant towards and against the victim and the money. The gravamen of aggravated assault is the infliction of injury to the person, while the gravamen of armed robbery is the taking of property from a person (by one of several types of means); injury to the person is not an essential element of the latter. As in *Peavy v. State*, 159 Ga. App. 280, 284 (3) (283 SE2d 346) (1981): "Each offense clearly has elements not contained in the other and the laws were obviously designed to prohibit two evils and to protect two values . . ." (here, one relating to the person, the other relating primarily to property).

In *State v. Hightower*, 252 Ga. 220, 223 (312 SE2d 610) (1984) the court pointed out that it has "never found aggravated assault to be a lesser included offense of armed robbery as a matter of fact in any case and does not do so here." Neither, upon analysis of the facts in the instant case, do we here. The crimes are separate and distinct and the defendant may be convicted of, and punished for both offenses. See, e.g., *Harvey v. State*, 233 Ga. 41 (1) (209 SE2d 587) (1974).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MARCH 5, 1985.

*Timothy W. Floyd*, for appellant.
*Harry N. Gordon, District Attorney*, for appellee.