### 69480. MILLER v. THE STATE.
(329 SE2d 252)

DEEN, Presiding Judge.

Timothy Miller and his brother Travis met Roger Wallace at "Bud's," a bar identified only as being located on "Brainerd Road." The men got into Wallace's van and visited "T. J.'s," another bar located at "the other end of Brainerd Road" before proceeding to "The Cellar," which was identified in Miller's testimony as being located in "East Ridge." When Wallace informed the men that he had to leave, they requested a ride back to "Bud's." The defendant got into the passenger seat and his brother entered the back door. As Wallace put his key in the ignition switch, he was struck from behind several times and dragged into the back of the van. Travis Miller got into the driver's seat and drove off. While the van was moving, Wallace tried to unscrew the jack to use as a weapon, but he was observed and beaten with it. He was beaten at least once more by Travis Miller with a boat paddle that he kept in the rear of his van. While Wallace was in a semi-conscious state, he felt hands in his pocket removing his billfold and was stabbed with a sharp object that he believed to be an arrow which he kept in his van. Wallace blacked out again and woke up on the side of the road and, despite a broken ankle, walked approximately 100-200 feet towards lights he saw in the distance. The lights came from a Georgia Welcome Center located 2 miles south of the Tennessee state line. The van was later recovered on a "Brainerd

Road" in Tennessee, in the possession of Travis Miller. Items recovered from the van included arrows with blood on them, a bloody broken boat paddle, and a blood-stained jack. Timothy Miller was found guilty of kidnapping, armed robbery, aggravated assault, and theft by taking.

1. Appellant first contends that the court erred in failing to direct a verdict because the state failed to prove his participation in the crimes. He argues that the evidence shows only that he was present during the commission of the criminal acts. This argument is frivolous, as he was clearly a party to the crime. OCGA § 16-2-20 provides that every person concerned in the commission of a crime is a party to the crime. Under subsection (b) (3), a person is concerned with a crime if he intentionally aids or abets in the commission of the crime. The evidence showed that appellant stood guard over the victim after his brother seized the van; that he warned his brother to stop the van when the victim was attempting to unscrew the jack and then encouraged his brother to hit Wallace with it; that he later got on top of Wallace and jabbed him in the eyes, stating that he was going to poke his eyes out; and that he participated in the search for the victim's wallet. We find that on the basis of such overwhelming evidence of appellant's participation in the crime, the trial court did not err in denying appellant's motion for a directed verdict of acquittal. See *Maddox v. State*, 170 Ga. App. 498 (317 SE2d 617) (1984).

2. Appellant next contends that the state failed to prove venue beyond a reasonable doubt, as is required in all cases in which venue is contested. *Adsitt v. State*, 248 Ga. 237 (282 SE2d 305) (1981).

OCGA § 16-8-11 establishes venue in theft by taking cases: "[T]he crime shall be considered as having been committed in any county in which the accused exercised control over the property which was the subject of the theft." The evidence clearly established that the accused exercised control over the van in Catoosa County, Georgia.

Venue could also be found under OCGA § 17-2-2 (d), which provides: "If the commission of a crime under the laws of this state commenced outside the state, is consummated within this state, the crime shall be considered as having been committed in the county where it is consummated." Under the facts in this case a jury could find that the theft by taking was consummated when the brothers dumped the victim on the road near the Welcome Center, as OCGA § 16-8-2 defines theft by taking as the unlawful appropriation "of the property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."

Appellant was also convicted of aggravated assault and armed robbery. The testimony and physical evidence indicate that Wallace was stabbed with a hunting arrow, had forty dollars stolen from him,

and was beaten with an automobile jack and a boat paddle. Venue for these offenses was established under OCGA § 17-2-2 (d), supra, or subsection (e) which provides: "If a crime is committed upon any railroad car, vehicle, watercraft, or aircraft traveling within this state and it cannot readily be determined in which county the crime was committed, the crime shall be considered as having been committed in any county in which the crime could have been committed through which the railroad car, vehicle, watercraft, or aircraft has traveled." Both the aggravated assault and the armed robbery occurred some time after Wallace was dragged into the back of the van, and he was therefore unable to determine his location. A jury would be authorized to find proof of venue beyond a reasonable doubt under the language contained in these subsections, as the acts were committed at some time while the victim was in transit, as required under *Adsitt v. State*, supra.

3. As to the kidnapping conviction, however, there was no proof of venue in Catoosa County. Georgia case law holds that the crime is consummated in the county where the victim is seized. *Stephens v. Hopper*, 241 Ga. 596 (247 SE2d 92) (1978); *Harris v. State*, 165 Ga. App. 249 (299 SE2d 924) (1983); *Krist v. State*, 227 Ga. 85 (179 SE2d 56) (1970). As there was no evidence that the victim was seized in Catoosa County, but rather that he was seized in Tennessee, appellant's conviction on this count must be reversed for failure to prove venue. In view of the Georgia court's holding in the above-cited cases, the state's reliance upon OCGA § 17-2-2 (d) is misplaced. Kidnapping is not a continuing offense, and the crime is consummated when the victim is seized. The victim was seized when he was struck with an unknown object, dragged into the back of the van, and prevented from leaving. See OCGA § 16-5-40 (a), which provides: "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will."

4. There is no merit to appellant's contention that the state failed to prove that the armed robbery was committed with an offensive weapon. The evidence shows that an offensive weapon, namely an arrow, was used to effectuate the robbery and that the use of force preceded or was contemporaneous with the taking. Even if the victim was incapacitated at the time of the taking, appellant's conduct is not excluded from the definition of armed robbery under OCGA § 16-8-41 (a), which provides in part: "A person commits the offense of armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon. . . ." *Young v. State*, 251 Ga. 153 (303 SE2d 431) (1983).

5. The theft by taking and aggravated assault charges did not

merge with the armed robbery charge. Under OCGA § 16-8-2, theft by taking requires the intent to deprive the owner of his property. In the present case, the owner of the van was forcibly deprived of his property by appellant and his brother. (It is arguable that prior to dumping the victim the requisite intent to deprive him of his property had not been formed.) Armed robbery, however, is a completely separate offense which, under OCGA § 16-8-41 (a) is complete once the property is taken. *Miller v. State*, 169 Ga. App. 668 (314 SE2d 684) (1984). In the armed robbery charge in the instant case, the intent was to deprive the victim of his money, and the offense was complete when the wallet was taken by use of an offensive weapon, an arrow. In analyzing the theft and armed robbery counts in *Holt v. State*, 239 Ga. 606 (238 SE2d 399) (1977), the court found that appellant forced a cab driver at knifepoint to drive to a secluded area where he was robbed at gunpoint, tied to a tree, and his cab stolen. The court held that appellant committed armed robbery when he took the money and committed motor vehicle theft when he drove off in the cab. A similar situation exists in the case at bar.

Appellant's contention that the aggravated assault charge merged with the armed robbery charge is also without merit. Wallace testified he thought he had been "poked" with an arrow while appellant was searching for his wallet, and state's exhibits 18 and 49 depict at least two arrow wounds to his arm and his side. As Wallace could remember being stabbed only once, a jury could conclude that he was stabbed on different occasions as well as being assaulted with the jack and boat paddle. The indictment alleges the aggravated assault was committed by the use of an arrow, jackhandle and paddle. A jury could find all or one of these items was used as an offensive weapon. For the requirements of merger of offenses see *Haynes v. State*, 249 Ga. 119 (288 SE2d 185) (1982), and *State v. Estevez*, 232 Ga. 316 (1) (206 SE2d 475) (1974). Under the test set forth in *Haynes*, separate facts were used to prove each crime, and the elements of each crime were separate. Aggravated assault is not a lesser included offense of armed robbery. *State v. Hightower*, 252 Ga. 220 (312 SE2d 610) (1984). See also *Harvey v. State*, 233 Ga. 41 (209 SE2d 587) (1974).

6. Appellant contends that the court erred in charging the jury in the language of OCGA § 17-2-2 (d) and (e), as the charge violates the Georgia Constitutional requirement of Art. VI, Sec. II, Par. VI, which requires all criminal cases to be tried in the county where the crime was committed. This issue has been decided adversely to appellant's position in *Bundren v. State*, 247 Ga. 180, 181 (274 SE2d 455) (1981), wherein the court found that "Code Ann. § 26-302 [presently OCGA § 17-2-2] does not violate the mandate of Code Ann. § 2-4306. It merely provides a mechanism by which that mandate can be carried out when the place in which the crime is committed cannot be deter-

mined with certainty." While Art. VI, Sec. II, Par. VI, is not identical with Code Ann. § 2-4306, the provisions pertaining to venue in criminal cases is identical and provides: "all criminal cases shall be tried in the county where the crime was committed, except cases in the Superior Courts where the judge is satisfied that an impartial jury cannot be obtained in such county." Accordingly, we therefore find that the Supreme Court of Georgia has determined the constitutionality of OCGA § 17-2-2 and further find that this enumeration is without merit.

Accordingly, we find merit only in appellant's contention that the state failed to prove venue in the kidnapping charge and reverse appellant's conviction only on that count.

*Judgment reversed in part and affirmed in part. McMurray, P. J., and Sognier, J., concur.*

DECIDED MARCH 8, 1985 —
REHEARING DENIED MARCH 20, 1985 —

*Clifton M. Patty, Jr., Ralph L. Van Pelt, Jr.,* for appellant.
*David L. Lomenick, Jr., District Attorney, David L. Whitman, Assistant District Attorney,* for appellee.