## 71855. YOUNG v. THE STATE.
(341 SE2d 286)

BANKE, Chief Judge.

The defendant appeals his convictions of armed robbery and aggravated assault.

The victim identified the defendant unequivocally, stating that she was acquainted with him by virtue of his having done odd jobs for her for about a year and a half prior to the robbery. She testified that on the date in question the defendant and another man appeared at the back door of her home asking for a drink of water, which she provided to them. She stated that as she was taking the glasses back to the kitchen, the defendant's companion grabbed her from behind and held her at knifepoint, and the defendant informed her that "this was a holdup or robbery." She testified that the two assailants then bound and gagged her, placed her in her bedroom closet, took her car keys and billfold from her purse, and drove off in her car.

The victim was able to free herself from her bonds and notify the police shortly after her assailants departed, with the result that her vehicle and its two occupants were soon spotted and pursued by an officer. Following a brief chase, the two occupants abandoned the vehicle and escaped on foot. Various documents bearing the defendant's name were discovered inside the abandoned vehicle, and the defendant was soon apprehended in a nearby wooded area.

The defendant was indicted for motor vehicle theft and burglary in addition to armed robbery and aggravated assault, and he was found guilty on all four counts. However, the trial judge determined that the burglary and motor vehicle theft offenses merged with the armed robbery and aggravated assault offenses, and he accordingly entered convictions and sentences only on the latter two counts. *Held:*

1. The attorney who represented the defendant at trial had been appointed to represent him only 14 days previously, after two other appointed attorneys had been allowed to withdraw due to possible conflicts of interest. The defendant contends that 14 days constituted an insufficient amount of time to prepare for trial and that the court

consequently erred in denying him a continuance.

"[M]ere shortness of time for preparation by counsel does not *ipso facto* show a denial of the rights of an accused. Something more is required. [Cit.] Where there is no convoluted case or one without a large number of witnesses or intricate defenses, denial of a continuance merely because of shortness of time will not reflect an abuse of discretion. [Cit.]" *Bragg v. State*, 172 Ga. App. 133, 134 (322 SE2d 337) (1984).

The evidence against the defendant in the present case was extremely simple and uncomplicated, and counsel has conceded in his brief on appeal that he "cannot show this court specifically what else could have been done" had he had more time to prepare. It follows that no abuse of discretion has been shown with respect to the denial of the motion for continuance.

2. The defendant contends that the armed robbery and aggravated assault convictions merged as a matter of fact. Offenses merge as a matter of fact pursuant to OCGA § 16-1-6 (1) if one of them is established by proof of the same or less than all the facts required to prove the other. See *Dunbar v. State*, 163 Ga. App. 243 (2) (292 SE2d 897) (1982); *Chitwood v. State*, 170 Ga. App. 599 (4), 601 (317 SE2d 589) (1984). The only aggravated assault shown by the evidence in this case was that by which the commission of the armed robbery was effectuated. There having been no additional, gratuitous violence employed against the victim, it follows that the evidentiary basis for the aggravated assault conviction was "used up" in proving the armed robbery. Compare, e.g., *Coaxum v. State*, 146 Ga. App. 370, 371 (3) (246 SE2d 403) (1978). The entry of separate convictions for both offenses is thus barred by OCGA § 16-1-7 (a), which prohibits multiple convictions for the same conduct. Accord *Chitwood v. State*, supra; *Hizine v. State*, 148 Ga. App. 375 (1) (251 SE2d 393) (1978); *Luke v. State*, 171 Ga. App. 201 (2) (318 SE2d 833) (1984). The aggravated assault conviction is accordingly vacated.

*Judgment affirmed as to armed robbery. Judgment vacated as to aggravated assault. Birdsong, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 10, 1986.

*Walter E. Van Heiningen*, for appellant.

*H. Lamar Cole*, District Attorney, *James E. Hardy*, Assistant District Attorney, for appellee.