74603. EATON v. THE STATE.
(362 SE2d 455)

McMURRAY, Presiding Judge.

Defendant Eaton was indicted, with Robert Adkinson, Jr., in two counts for aggravated assault and armed robbery. The following evidence, construed most favorably to support the jury's verdict, was adduced at defendant Eaton's separate trial: During the evening of August 30, 1986, the victim, who was then 16 years of age, became acquainted with defendant and Adkinson while visiting at a neighbor's home. After midnight, the victim agreed to drive defendant and Adkinson home in his father's "1983 Dodge van." While en route, the victim stopped at "a vacant lot on the King's Camp Road" in Cartersville, Georgia to "use the bathroom." After the victim exited the van, defendant and Adkinson attacked him, knocked him to the ground and began "hitting [him] with their fists . . ." Adkinson stabbed the victim in the chest with a "knife or some sharp object . . ." during the struggle. Defendant and Adkinson then fled to the van. The victim "tried to crawl off and hide somewhere." A few moments later, however, defendant and Adkinson returned, discovered the victim "[a]bout twenty feet" from the van, "kicked" him and demanded that he give them the keys to his father's van. During this encounter, Adkinson placed a "knife" to the victim's throat and threatened to "kill" him if he did not comply with their demands. Adkinson then began "sawing on [the victim's] throat."

During the second assault, one of the assailants took the victim's wallet and the van keys from the victim's pants pocket. Defendant and Adkinson then fled in the van, abandoning the victim at the "vacant lot."

Defendant was found not guilty of aggravated assault and guilty

of armed robbery. This appeal is from the denial of defendant's motion for new trial. *Held*:

1. In his first enumeration of error defendant contends the trial court erred in failing to grant his motion for directed verdict of acquittal, arguing that he could not be found guilty of armed robbery because the evidence showed that he had "equal possessory rights" to the vehicle which was the subject of the crime. Defendant contends the State's evidence "arguably shows that the three young men [victim, defendant Eaton and Adkinson] acted together in taking the automobile without any permission, from its rightful owner [victim's father]. Therefore, possession of the automobile is arguably obtained at that time by all three, at least as to each other . . . . It is arguable, therefore, that if robbery is a crime against possession then in the facts of our present case, if [defendant Eaton, Adkinson and the victim] acted together in the initial taking of the automobile from its true owner, then each would have equal possessory rights, albeit none of them lawful, and the automobile could not be the subject of a future robbery of one of the three against the other." This argument is without merit.

Defendant was indicted for taking, in the alleged armed robbery, "a 1983 Dodge motor vehicle van . . . and a man's wallet, the property of [the victim]." Pretermitting the issue regarding defendant's "equal possessory rights" to the van, the evidence adduced at trial showed that defendant, acting in concert with his confederate Adkinson, took the victim's wallet, using an offensive weapon, with the intent to commit theft. See OCGA § 16-8-41 (a) and OCGA § 16-2-20. This evidence was more than sufficient to authorize the jury's finding that defendant was guilty, beyond a reasonable doubt, of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Graves v. State*, 180 Ga. App. 446 (1) (349 SE2d 519).

2. Next, defendant contends the jury returned inconsistent verdicts. We do not agree.

Count 1 of the indictment was for aggravated assault and alleged that defendant and co-defendant Adkinson assaulted the victim "with a knife, a deadly weapon . . . by stabbing said person in the chest area with said knife. . . ." Count 2 of the indictment was for armed robbery and alleged that defendant and co-defendant Adkinson, "with the intent to commit theft, did take a 1983 Dodge motor vehicle van . . . and a man's wallet . . . from the immediate presence of [the victim] by use of a knife, an offensive weapon, by cutting the throat of [the victim] with said knife . . ."

At trial, separate facts were presented to prove each crime. More specifically, the victim testified that he was attacked twice by defendant and Adkinson. The first attack resulted in the victim receiving wounds to the chest. The second attack resulted in the victim's throat

being cut and the loss of the victim's wallet and his father's van. Consequently, the alleged aggravated assault was completed when defendant and Adkinson returned to the victim for the keys to the van. It was the second encounter that authorized the jury to find the requisite elements of the crime, armed robbery. See *Miller v. State*, 174 Ga. App. 42, 44 (5) (329 SE2d 252). This enumeration of error is without merit.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED OCTOBER 26, 1987.

*Daniel R. Deems*, for appellant.

*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.