## 76849. KELLY v. THE STATE.

### (373 SE2d 63)

SOGNIER, Judge.

Eric Kelly appeals from his conviction of armed robbery and aggravated assault.

Appellant was indicted with a co-defendant, Ulysses Grant, for the offenses of murder, armed robbery, aggravated assault, and possession of a firearm or knife during the commission of a crime. A motion to sever parties was granted the day of trial, and appellant was tried alone. He was acquitted of the murder and firearm charges, and found guilty of armed robbery and aggravated assault.

1. Appellant contends the evidence was insufficient to support his conviction for armed robbery. The evidence, construed so as to support the verdict, showed that on the date in issue the victims, Richard Thrower and James Ballard, had been bar-hopping since about 4:00 p.m. About midnight, they arrived at Sam Bower's Lounge in Chatham County. After drinking there for approximately two hours, they left the lounge and proceeded to cross the street to get into their parked truck. They were on opposite sides of the truck when Thrower was shot and Ballard was hit on the head and knocked out. Thrower subsequently died as a result of his wound. Ballard testified that he had his billfold, containing approximately twenty dollars, when he approached the truck, but that when he came to his senses after being hit, his billfold was gone.

Nathaniel Wilson, a patron at the lounge, testified that when he stepped outside to get some air he heard a shot and saw appellant, whom he knew, "tussling" with a man who was bleeding, and called an ambulance. When he then observed appellant fleeing the scene, he telephoned the police. Teresa Cope, who had been standing outside the lounge, testified that appellant was with Ulysses Grant, that she had spoken with appellant moments before the incident, and that he said he was "going to get into something." Shortly thereafter she heard the gunshot, and it appeared to her that Ulysses Grant had shot Thrower. She saw appellant "tussle" with a man and strike him with what appeared to her to be a stick.

Although appellant denies he ever crossed the street outside the lounge, we find the above evidence sufficient to authorize the jury to convict appellant of armed robbery under the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant claims a fatal variance between the allegata and the probata as to the charge of armed robbery because the indictment charged that appellant "did, with the intent to commit theft, take a wallet and money of Richard Thrower and James Ballard from their person and immediate presence by use of offensive weapons, to wit: a pistol and a stick object, contrary to the laws of the State of Georgia,

the good order, peace and dignity thereof," but no proof was introduced of any taking from Richard Thrower. Appellant argues that because the indictment was drawn in this manner, to avoid a fatal variance, the State must have proved that Thrower was robbed as well, and since it did not, appellant should have been granted a directed verdict of acquittal as to the entire charge as drawn. We do not agree.

Appellant was indicted jointly with Ulysses Grant, and the indictment as to armed robbery charged that appellant *and Grant* committed the crime of armed robbery against both Thrower and Ballard. However, the State conceded at the charge conference that no evidence had been adduced as to robbery of Thrower, and the trial court granted appellant's motion for a directed verdict of acquittal as to the armed robbery of Thrower. The jury was subsequently charged that they could consider the armed robbery charge only as to Ballard.

"We find no fatal variance between the allegations and proof under the criteria adopted in *DePalma v. State*, 225 Ga. 465, 469 (3) (169 SE2d 801) [(1969)]. The accused was definitely informed as to the charges against him . . . . Additionally, we find that [appellant] stands protected against further prosecution for the involved offenses. [Cits.]" *Bland v. State*, 182 Ga. App. 626, 627 (356 SE2d 704) (1987). " 'In criminal law an unnecessarily minute description of a necessary fact must be proved as charged; but an unnecessary description of an unnecessary fact need not be proved.' [Cit.]" *Bell v. State*, 227 Ga. 800, 802 (1) (183 SE2d 357) (1971). The recitation of the fact of the robbery of Thrower in the indictment was not necessary to the charge of committing armed robbery with respect to Ballard, but was mere surplusage, and thus the failure to prove those facts is not a fatal variance requiring reversal of appellant's conviction for the armed robbery of Ballard. Id. at 801-802 (1).

3. Appellant maintains the conviction for aggravated assault should be vacated pursuant to the doctrine of merger. "Offenses merge as a matter of fact pursuant to OCGA § 16-1-6 (1) if one of them is established by proof of the same or less than all the facts required to prove the other. [Cits.] The only aggravated assault [committed by appellant] shown by the evidence in this case was that by which the commission of the armed robbery was effectuated. There having been no additional, gratuitous violence employed against the victim, it follows that the evidentiary basis for the aggravated assault conviction was 'used up' in proving the armed robbery. [Cit.] The entry of separate convictions for both offenses is thus barred by OCGA § 16-1-7 (a), which prohibits multiple convictions for the same conduct. [Cits.] The aggravated assault conviction is accordingly vacated." *Young v. State*, 177 Ga. App. 756, 757 (2) (341 SE2d 286) (1986). See also *Chitwood v. State*, 170 Ga. App. 599, 600-601 (4) (317 SE2d 589) (1984).

4. Our decision in Division 3 renders moot appellant's remaining enumeration of error.

*Judgment affirmed as to armed robbery. Judgment vacated as to aggravated assault. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 9, 1988.

*Kenneth D. Kondritzer*, for appellant.

*Spencer Lawton, Jr., District Attorney, John E. Morse, Jr., Assistant District Attorney*, for appellee.