## 77239. MILLINES v. THE STATE.

(373 SE2d 838)

DEEN, Presiding Judge.

Appellant Millines was charged with burglary, robbery, aggravated assault (two counts), and armed robbery (two counts) in connection with unauthorized entry into the home of an elderly couple,

who awoke at approximately 2:00 a.m. to find him in their kitchen. Millines was charged with wresting the old man's pistol from him; with threatening (while armed with the pistol) to rape or kill the woman and kill her husband; with beating both of them; and with taking certain items of personal property (including, *inter alia*, rifles and shotguns) from the persons and presence of both, these latter robberies occurring while Millines was armed with the pistol.

Within less than four hours after the incident was reported to the police, a man answering the assailant's description, and carrying items of property subsequently identified as having been taken from the victims' house, was picked up on the street; and shortly thereafter this man, appellant here, was positively identified by the less badly injured of the victims.

A Fulton County jury found Millines guilty as charged on all six counts. He appeals from the convictions and sentences for armed robbery and aggravated assault on the ground that the offenses merged as a matter of fact, and from the robbery and armed robbery convictions and sentences on the ground of merger as a matter of law. He also enumerates as error the general grounds and the court's failure to "protect" him from the alleged eliciting of prejudicial matter by the prosecutor. *Held*:

1. We find without merit appellant's assertion, in his first enumeration, that the trial court erred in imposing convictions and sentences for both armed robbery and aggravated assault inasmuch as the two allegedly merge as a matter of fact. In so contending, he relies on OCGA § 16-1-7 (a) (1): "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if [o]ne crime is included in the other." OCGA § 16-1-6 provides, in pertinent part, "A crime is . . . included [in a crime charged in the indictment or accusation] when: (1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person [or] property . . . or a lesser kind of culpability suffices to establish its commission." A review of the facts of the case *sub judice* reveals that those facts do not come with the statutory criteria, supra, for lesser included offenses or merger. Each offense charged is clearly supported by its own set of facts. Cf. *Taylor v. State*, 177 Ga. App. 624 (340 SE2d 263) (1986). The case at bar is therefore distinguishable from such cases as *Hambrick v. State*, 256 Ga. 148 (344 SE2d 639) (1986), and *Haynes v. State*, 249 Ga. 119 (288 SE2d 185) (1982). Nor is a different conclusion dictated by *Ramsey v. State*, 145 Ga. App. 60 (243 SE2d 555) (1978). See also *Miller v. State*, 174 Ga. App. 42 (329

SE2d 252) (1985); *Evans v. State*, 173 Ga. App. 655 (327 SE2d 784) (1985); *Harshaw v. State*, 134 Ga. App. 581 (215 SE2d 337) (1975). This enumeration is without merit.

2. Likewise without merit is Millines' assertion that the offenses of robbery and armed robbery merge as a matter of law, and that the trial court therefore erred in imposing convictions and sentences for both offenses. The record clearly shows that appellant not only robbed the male victim of his pistol, by wresting it from his hand immediately upon the couple's becoming aware of the intruder's presence in the house, but that he subsequently used the pistol to effect the armed robbery of watches and other jewelry from both the victims, and afterwards to rob the elderly man of the guns displayed above the fireplace. These occurrences, although happening within a short total span of time, were according to the record entirely separate instances of robbery — the taking of the pistol from the man clearly defined by OCGA § 16-8-40 (a), and the taking of the jewelry and the rifles and shotguns from both man and wife fitting squarely within the provisions of OCGA § 16-8-41 (a). Under the standard set forth in *Ramsey v. State*, supra, and other relevant case law, the two offenses do not merge as a matter of law where, as here, separate incidents (the simple taking of the pistol and the taking of the other items at gunpoint) involved different actions, different specific objectives or intents, and different victims. As in his first enumeration, supra, appellant attempts to make distinctions that are not supported by either law or fact.

3. Our scrutiny of the trial transcript reveals not only that appellant failed at trial to register objection to the testimony challenged on appeal (whether by objecting, requesting curative instructions, or moving for mistrial), but that at least one portion of the testimony to which he now objects was elicited not by the prosecution, but by defense counsel on cross-examination. Failure to object at trial constitutes waiver, and there is nothing for the appellate court to review. *Pulliam v. State*, 236 Ga. 460 (224 SE2d 8) (1976), cert. denied 428 U. S. 911, reh. denied 429 U. S. 874; *Hill v. State*, 183 Ga. App. 654 (360 SE2d 4) (1987); *Williams v. State*, 183 Ga. App. 373 (358 SE2d 914) (1987).

4. As to appellant's enumeration of the general grounds, it is well settled that the appellate court assesses not the weight of the evidence, but its sufficiency. *Wayne v. State*, 184 Ga. App. 160 (361 SE2d 39) (1987). Examination of the record in its entirety indicates that sufficient competent evidence was adduced to authorize the rational trier of fact to find appellant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Thurman v. State*, 255 Ga. 286 (336 SE2d 746) (1985). Appellant's final enumeration is without merit.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 3, 1988.

*Rise H. Weathersby*, for appellant.

*Lewis R. Slaton, District Attorney, Nancy A. Grace, Joseph J. Drolet, Doris L. Downs, Assistant District Attorneys*, for appellee.