A91A1454. HEAD v. THE STATE.
(413 SE2d 533)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of burglary, aggravated assault, and robbery. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. The victim testified that he had known appellant for a number

of years and that, although he had been attacked from behind, he had recognized appellant's voice. The " 'personal identity of [the] accused may be established by the testimony of a witness that he was familiar with [the accused's] voice and recognized it.' [Cits.] In the instant case we . . . have a witness who was 'familiar with [appellant's] voice and recognized it.' " *Henderson v. State*, 209 Ga. 238, 240 (1) (71 SE2d 628) (1952). This evidence, coupled with evidence of appellant's fingerprint on a piece of glass from a broken window, was sufficient to authorize a rational trior of fact to find proof of appellant's guilt beyond a reasonable doubt. *Mercer v. State*, 169 Ga. App. 723, 725 (1) (314 SE2d 729) (1984). See also *Stevanus v. State*, 185 Ga. App. 7, 10 (1) (363 SE2d 322) (1987). Accordingly, appellant's enumeration of the general grounds is without merit.

2. Appellant urges that the aggravated assault count merged into the robbery count.

" ' "Offenses merge as a matter of fact pursuant to OCGA § 16-1-6 (1) if one of them is established by proof of the same or less than all the facts required to prove the other. (Cits.) The only aggravated assault (committed by appellant) shown by the evidence in this case was that by which the commission of the . . . robbery was effectuated. There having been no additional, gratuitous violence employed against the victim, it follows that the evidentiary basis for the aggravated assault conviction was 'used up' in proving the . . . robbery. (Cit.) The entry of separate convictions for both offenses is thus barred by OCGA § 16-1-7 (a), which prohibits multiple convictions for the same conduct. (Cits.) The aggravated assault conviction is accordingly vacated." [Cits.]' [Cit.]" *Smith v. State*, 193 Ga. App. 208, 209 (1) (387 SE2d 419) (1989).

3. The convictions and sentences for burglary and robbery are affirmed. The conviction and sentence for aggravated assault are reversed.

*Judgment affirmed in part and reversed in part. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Pope, Cooper, JJ., and Judge Arnold Shulman concur. Beasley and Andrews, JJ., concur in part and dissent in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I concur in Division 1 but not in Division 2 in that there was not a merger of the aggravated assault charge with the robbery charge.

With respect to the crime wholly against the person, the indictment alleged that defendant "knowingly, willfully and intentionally" assaulted the victim "with a certain flashlight, same being a deadly weapon, in the manner then and there used. . . ." OCGA § 16-5-21 (a) (2). It was not alleged that he assaulted "with intent . . . to rob," as prohibited by subsection (1).

Robbery is a crime which violates "the social interest in the safety and security of the person as well as the social interest in the protection of property rights." *Moore v. State*, 140 Ga. App. 824, 827 (2) (232 SE2d 264) (1976). Aggravated assault is codified in the Code chapter on "Crimes Against the Person," whereas robbery's place is in the chapter on "Offenses Involving Theft." The indictment alleged armed robbery, that defendant "unlawfully, knowingly, willfully and intentionally with intent to commit theft, take property, to-wit: cash, from the person of [the victim], by use of a certain flashlight, same being an offensive weapon, in the manner then and there used. . . ." OCGA § 16-8-41 (a). That subsection also provides: "The offense of robbery by intimidation shall be a lesser included offense in the offense of armed robbery." The latter is defined as occurring "when, with intent to commit theft, [a person] takes property of another from the person . . . by intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another; . . ." OCGA § 16-8-40 (a) (2). The court charged that "a person commits robbery when with intent to commit theft he takes property of another from the person or from the immediate presence of another by the use of force." The court did not define or limit what was meant by "force."

Robbery was the jury's conviction. The jury rejected a conviction of armed robbery, which the court charged occurs when "with intent to commit theft [a person] takes property of another from the person or from the immediate presence of another by the use of an offensive weapon."

The victim testified that he did not realize that anyone was still in his trailer home when he began to investigate what appeared to be a burglary. He had his flashlight in his hand. As he passed the bathroom, he was caught from behind by two men. One man wrapped his arms around the victim and the other covered his nose with a rag, smothering him. He could not do anything to protect himself or his property because he was partially paralyzed and used a cane and was alone. It is a reasonable inference that this was abundantly evident to the men who had broken into his home.

The assailants threw him down on his knees on the floor beside the bed, with his body across the bed and his head face down on the bed. One assailant beat him by striking him five or six times in the head with the victim's flashlight and the other pinched his nose. They also beat his hands, fracturing and permanently disfiguring his right fifth finger and lacerating his right middle finger and his left hand. He lost over one-half pint of blood and partial use of his right hand.

The victim, obviously motivated by fear and desirous of avoiding further injury, "played 'possum," in his words. This defensive measure succeeded and the aggravated assault stopped.

"[T]hey quit," the victim stated, "and then they robbed me." They took all the money he had by going through his pockets. Thus the robbery was effected by putting the victim in fear of further violence from the flashlight and otherwise so that he did not resist the rifling of his pockets and the taking of the money. The potent *force* of the flashlight's destructive capacity in the hands of these two men, of which the victim was already painfully aware, was an ominous presence.[1]

In this case, "[e]ach offense charged is clearly supported by its own set of facts." *Millines,* 188 Ga. App. 655, 656 (1) (373 SE2d 838) (1988). Separate facts prove each crime, and the elements of each crime are separate, so the aggravated assault is not subsumed in the robbery. *Miller v. State,* 174 Ga. App. 42, 44 (5) (329 SE2d 252) (1985). Considering the circumstances, the vicious assault was *"additional, gratuitous violence* employed against the victim," unlike the circumstances in *Smith v. State,* 193 Ga. App. 208, 209 (1) (387 SE2d 419) (1989); *Kelly v. State,* 188 Ga. App. 362, 363 (3) (373 SE2d 63) (1988); and *Young v. State,* 177 Ga. App. 756, 757 (2) (341 SE2d 286) (1986), which cases use that test.

The victim was a 67-year-old man who was "about seventy-five percent" paralyzed from the waist down, with an artificial hip and emphysema, and was using a cane which he needed for walking. It was after 9:00 p.m. and he was alone as he came into his trailer from his part-time job at a store. Two men, who had broken into the victim's house trailer through a window, hid in the bathroom and grabbed him from behind as he walked past it. The jury could find that the repeated beating which was inflicted was a separate incident, involving different actions and a different specific objective or intent than the subsequent acquisition of the money he was carrying. *Millines,* supra at 657 (2). The actions of the two men related to the assault evinced an intent to inflict serious bodily injury, far beyond and in addition to a mere intent to obtain money from this man who was obviously powerless even before the assault. The beating, in the manner and to the degree it was carried out, was patently not merely "an effort to subdue him prior to taking" his money, as was the assault in *Chitwood v. State,* 170 Ga. App. 599, 601 (4) (317 SE2d 589) (1984). Nor was it inflicted after a demand for money and failure to comply, as in *Smith v. State,* 193 Ga. App. 208 (1) (387 SE2d 419) (1989). See *Coaxum v. State,* 146 Ga. App. 370, 371 (3) (246 SE2d 403) (1978), for a situation comparable to that here. As demonstrated

---

[1] Although it was not charged in the indictment and thus was not part of the conviction, it could be said that robbery was also committed prior to the aggravated assault, when the robbers forcefully took the victim's flashlight by grabbing him from behind and smothering him. See *Millines v. State,* 188 Ga. App. 655, 657 (2) (373 SE2d 838) (1988).

by that case, the personal violence need not be subsequent to the robbery in order to support a separate conviction.

As in *Evans v. State*, 173 Ga. App. 655, 656 (2) (327 SE2d 784) (1985), had the assailants left after they beat and smothered him, they would have been guilty only of aggravated assault. But they moved from violence to the person with an object resulting in serious bodily injury, OCGA § 16-5-21 (2), to accomplish their additional and perhaps initial intention, the subsequent taking of property from his possession by placing him in fear of further injury by use of the flashlight, OCGA § 16-8-40 (a) (2). The convictions and sentences in this case did not deviate from the law as set forth in OCGA §§ 16-1-6 (1) and 16-1-7 (a) (1).

ANDREWS, Judge, concurring in part and dissenting in part.

I concur in Division 1 but not in Division 2, nor am I able to join Judge Beasley's dissent.

The aggravated assault count of the indictment charged "assault . . . with a certain flashlight." The armed robbery count of the indictment charged "take property . . . by use of a certain flashlight." As to the armed robbery count, the court charged both armed robbery and robbery (by force). The jury convicted the defendant of aggravated assault and robbery (by force). Since the jury concluded the defendant assaulted the victim with the flashlight but *did not take the money with it,* it logically follows that the jury concluded the taking occurred without the use of the flashlight, i.e., after and separate from the assault.

*Smith v. State,* 193 Ga. App. 208 (387 SE2d 419) (1989) relied upon by the majority, involved convictions for aggravated assault and armed robbery and is thus inapposite. Under the facts of this case the jury was authorized and did conclude that "[t]hese were separate and distinct acts and supported separate convictions for two sequential but separate crimes against the same victim. [Cit.]" *Bales v. State,* 200 Ga. App. 97, 98 (406 SE2d 790) (1991).

DECIDED DECEMBER 5, 1991.

*Whitehurst, Cohen & Blackburn, Steven B. Kelley, Ronald B. Warren,* for appellant.

· *H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney,* for appellee.