## A01A0481. PARKER v. THE STATE.
(549 SE2d 154)

MIKELL, Judge.

Randall L. Parker was convicted of the following offenses: driving under the influence of alcohol ("DUI") to the extent that he was a less safe driver, OCGA § 40-6-391 (a) (1); driving without headlights, OCGA § 40-8-20; and improper lane change, OCGA § 40-6-123 (a). He was sentenced to twelve months to serve on each count, with the three sentences to run consecutively. He appeals, arguing that the offenses of driving without headlights and improper lane change merged into the DUI charge. We affirm.

The evidence adduced at trial shows that on September 11, 1999, at approximately 9:30 p.m., Officer Scott Oliver of the Atlanta Police Department observed Parker's vehicle being operated without headlights. When Officer Oliver pulled up next to Parker's vehicle to signal him that his lights were off, Parker swerved and struck the police car. According to the officer's testimony, Parker moved back into his proper lane, mouthed the words "I'm sorry," and continued driving. Officer Oliver turned on his blue lights and directed Parker to pull over. When Parker exited the vehicle, Officer Oliver testified that he staggered and smelled of alcohol. Officer Oliver further observed that Parker's eyes were glassy and that his speech was slurred. Parker told the officer that he did not realize he was driving without headlights or that he had struck the police car. Parker admitted to the officer that he had "had a couple of drinks."

Officer Oliver did not ask Parker to perform any field sobriety tests because he was concerned that Parker might injure himself due to his impaired state. The officer read the implied consent notice to Parker, who consented to a breath test. Parker failed to provide a sufficient breath sample after three attempts, so the police officers characterized his failure as a refusal to meaningfully submit to testing.

Parker contends that his convictions of the offenses of driving without headlights and improper lane change cannot stand, because the evidence required to prove them was "used up" proving the DUI offense. We disagree.

"Offenses merge as a matter of fact pursuant to OCGA § 16-1-6 (1) if one of them is established by proof of the same or less than all the facts required to prove the other." (Citations and punctuation omitted.) *Head v. State*, 202 Ga. App. 209, 210 (2) (413 SE2d 533) (1991). OCGA § 16-1-7 (a) prohibits multiple convictions for the same conduct. However, in order to determine if the merger doctrine applies, we must examine the facts alleged in the indictment or accusation as well as the evidence adduced at trial.

[T]he lesser offense may be an included offense in a particular case if the facts alleged in the indictment and the evidence presented at trial to establish the charged offense are sufficient to establish the lesser offense as well. . . . Thus, whether a lesser offense is included in a greater offense as a matter of fact must be determined on a case-by-case basis, depending upon the facts alleged in the indictment and the evidence presented at trial.

(Citations, punctuation and emphasis omitted.) *Strickland v. State*, 223 Ga. App. 772, 774 (1) (a) (479 SE2d 125) (1996).

In the case sub judice, the facts alleged in the accusation with regard to the DUI charge are not also sufficient to establish the lesser offenses of driving without headlights and improper lane change. Specifically, Count 1 charges Parker with DUI for being "in actual physical control of a moving vehicle while under the influence of alcohol, to the extent that it was less safe for the accused to drive in violation of OCGA § 40-6-391 (a) (1)." Clearly, no mention is made of driving without headlights or improper lane change. Accordingly, these crimes cannot merge with the DUI charge as a matter of fact, regardless of the evidence adduced at trial. See *Strickland,* supra at 774.

Furthermore, we disagree with Parker's argument that the evidence necessary to prove the offenses of driving without headlights and improper lane change was "used up" when the state proved the DUI offense. Compare *Chadwick v. State*, 236 Ga. App. 199, 202-203 (3) (511 SE2d 286) (1999). There was ample evidence supporting the DUI charge absent evidence of the other driving infractions. Specifically, the arresting officer testified that Parker staggered when he exited his vehicle, that he admitted that he had been drinking, that his eyes were glassy, and that his speech was slurred. This evidence would be sufficient to support Parker's DUI conviction, and it was not necessary that the state prove that Parker actually committed an unsafe act. *Lewis v. State*, 214 Ga. App. 830, 831 (1) (449 SE2d 535) (1994). Accordingly, we affirm Parker's conviction and sentence.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED MAY 8, 2001.

*Edward L. Adams,* for appellant.

*Joseph J. Drolet, Solicitor-General, Julie A. Kert, Assistant Solicitor-General,* for appellee.