A07A1276. SQUIRES v. THE STATE.
(648 SE2d 696)

BARNES, Chief Judge.

Following the denial of his motion for new trial, Robert C. Squires appeals his conviction of aggravated assault for which Squires was sentenced to eight years of confinement. He contends that the trial court erred by refusing to grant his motion for new trial. Finding no reversible error, we affirm his conviction.

The standard for reviewing a denial of a motion for new trial is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). "On appeal from a criminal conviction, we neither weigh the evidence nor judge the credibility of witnesses." (Citation and footnote omitted.) *Thompson v. State*, 281 Ga. App. 627 (636 SE2d 779) (2006). It is the function of the jury to determine the credibility of the witnesses, including that of the defendant. The jurors must weigh and resolve any conflicts presented by the evidence. *Hargrove v. State*, 202 Ga. App. 854, 857 (3) (415 SE2d 708) (1992).

So viewed, the record reflects that before the victim entered her late model Cadillac SUV, she put her business checkbook, purse, and shopping bag on the front seat. As she climbed in, the victim noticed "a presence rushing in up against [her]." She felt a body on top of her and attempted to close the car door, but "this man's face was . . . close to me, pushing against my body trying to get in my car with me." The victim kicked the intruder's stomach and chest, screamed, and "started charging him." She testified that as she was "charging at him[,] [h]e kind of froze and then I realized, oh, my gosh. What am I doing? Am I crazy, and jumped back in my car and locked the door." The man began to walk casually through the parking lot, periodically ducking behind cars, and the victim followed him while she called police. A man who was sitting in his truck nearby heard the victim scream, and helped detain the intruder until police arrived. The intruder was identified as Squires.

Aggravated assault has two essential elements: (1) that an assault was committed on the victim; and (2) that it was aggravated by (a) an intention to murder, to rape, or to rob, or (b) use of a deadly weapon. OCGA § 16-5-21. Squires contends that the motion for new trial should be granted because the evidence presented was insufficient to warrant a conviction. He argues that the victim was simply overreacting to his being in the vicinity of her SUV, and that the State failed to prove that he intended to rob the victim in that he did not utter a single threatening word to the victim, did not touch the victim, and did not try to take any of the victim's property.

> [I]t is not necessary for the state to show that [Squires] expressed an intent to rob in so many words, or declared a purpose to carry the intent into effect, for the jury to arrive at the conclusion he so intended. The intention may be gathered from the circumstances of the case as proved. In

seeking the motives of human conduct, inferences and deductions may properly be considered where they flow naturally from the facts proved.

(Citation and punctuation omitted.) *Chitwood v. State*, 170 Ga. App. 599, 600 (2) (317 SE2d 589) (1984). Based on the evidence presented at trial, we are satisfied that any rational trier of fact could have found the appellant guilty beyond a reasonable doubt. Id.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED JUNE 25, 2007.

*Richard O. Allen*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.