A90A0928. THOMAS v. THE STATE.
(395 SE2d 615)

SOGNIER, Judge.

Mark Grady Thomas was convicted of possession of marijuana and cocaine with intent to distribute, and he appeals.

On January 27, 1989, Clarke County police conducted a search of appellant's residence pursuant to a warrant which authorized a search of the entire premises and curtilage. An inoperable automobile used to store household items and clothing was parked in the yard approximately eight feet from the house. A search of the trunk resulted in

the seizure of numerous plastic bags containing what was later identified as marijuana and cocaine. Appellant's motion to suppress the seized items was denied.

1. Appellant contends the affidavit proffered in support of the application for the search warrant was insufficient to support issuance of the warrant because it failed to show any of the underlying circumstances from which the affiant's confidential informant concluded that contraband was present. We do not agree. The affiant, a Clarke County police officer, averred that approximately six months previously he had been told by a confidential source who had previously proven to be reliable that appellant was involved in the sale of illegal drugs, but affiant and other police officers had been unable to obtain enough current detailed information to authorize the issuance of a search warrant at that time. Affiant also averred, however, that within the last three days he had been contacted by another reliable confidential source who had actually been to appellant's residence "within two days prior to . . . meeting with the [a]ffiant . . . and had seen what was purported by [appellant] to be cocaine." An informant's personal observation is sufficient to satisfy the "basis of the knowledge" aspect of the "totality of the circumstances" test for reliability of an informant's tip set forth in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), as well as the old, two pronged test set forth in *Aguilar v. Texas*, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964) and *Spinelli v. United States*, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969), now supplanted by *Gates*. See, e.g., *Shaner v. State*, 153 Ga. App. 694, 696-697 (266 SE2d 338) (1980).

2. Appellant contends the trial court erred by admitting into evidence the second of two statements made to the investigating officer by Gladys Wooten, appellant's adult daughter. The record reveals that appellant and his daughter were both present during the search of the premises. When the contraband was found, Wooten initiated a conversation outside the house with detective Tony Norris of the Clarke County Police Department, in which she stated the drugs found in the car belonged to her for her personal use, and her father, appellant, "didn't have anything to do with it." Norris testified at trial that after Wooten made that statement he gave her *Miranda* warnings *(Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966)), but she continued talking to him voluntarily and then at his request went back into the house. Norris further testified that several minutes later, Wooten reemerged from the house and informed him that she had lied when she told him the drugs were hers, and that she and her father were keeping the drugs for someone named "Dennis," whom Norris testified he was subsequently unable to identify or locate. Both Wooten and appellant were charged with violation of the Georgia Controlled Substances Act, OCGA § 16-13-20 et seq.

The charges against Wooten were severed for trial.

Prior to trial, appellant sought a ruling regarding the admissibility of testimony from Norris regarding Wooten's first statement exculpating appellant. The State opposed its admission, on hearsay grounds, but sought admission of the recantation as well in the event the trial court ruled in favor of the admission of the first statement. The trial court ruled that the first statement was admissible pursuant to *Green v. Georgia*, 442 U. S. 95 (99 SC 2150, 60 LE2d 738) (1979) and *Wilkerson v. Turner*, 693 F2d 121 (11th Cir. 1982), and thus the State would be permitted to examine Norris as to the second, recanting, statement, as well. At trial, Norris' testimony about both statements was elicited by appellant upon cross-examination.

Given the admission of the first statement, which was sought by appellant and is not enumerated as error, we find that OCGA § 24-3-38 applies, and the State was entitled "to have the whole admission and all the conversation connected therewith admitted into evidence." Id. " 'The rule of evidence is, that when an admission, conversation or declaration previously made by a party or a witness is pertinent, the side tendering evidence as to the same is at liberty to prove such portion only thereof as is deemed material, and the other side may then bring out the whole of the admission, conversation or declaration, so far as so doing may be essential in order to arrive at the true drift, intent and meaning of what was said on the previous occasion. (Cit.)' [Cit.]" *Peacock v. State*, 170 Ga. App. 309, 312 (316 SE2d 864) (1984). As the first exculpatory statement was not the entire substance of what was said during the search, admission of any portion of the remainder of what was said was proper, and the trial court's admission of the second statement was not error. Because we find no error in the admission of the second statement, we need not address the argument raised by the State that appellant may not complain of the erroneous admission of evidence. he himself elicited.

3. Appellant next complains of the admission by the trial court of appellant's statement that he owned the vehicle in which the contraband was found. Appellant argues that although Detective Jerry Stewart gave him *Miranda* warnings and asked him if he understood his rights, and appellant indicated that he did and was willing to talk, a short lapse in time between the administration of those warnings by Stewart and the question posed by Detective Norris concerning ownership of the car raises an issue as to the voluntariness of appellant's statement that he owned the car in response to Norris' question.

We find no merit in this enumeration. First, the record reveals that the objection appellant raised to the admission of this statement was not on the ground raised here. "A ground not raised by objection at trial cannot be raised for the first time on appeal." (Citations and punctuation omitted.) *McGarity v. State*, 190 Ga. App. 139 (1) (378

SE2d 179) (1989). Second, "[t]he failure of [the second] interrogator to inform appellant of his *Miranda* rights was not error in view of the continuing nature of the interrogation and the short time span between the giving of the *Miranda* warnings and appellant's statement. [Cits.]" *McKenzie v. State*, 187 Ga. App. 840, 844 (4) (371 SE2d 869) (1988). Accordingly, the trial court did not err by admitting appellant's statement regarding ownership of the car. See id.

4. Appellant finally contends the trial court erred by admitting into evidence a computer printout of a vehicle registration obtained from a Georgia Crime Information Center (GCIC) computer because an insufficient foundation was laid for its admission. We do not agree. OCGA § 24-3-17 (b) provides that "[a]ny court may receive and use as evidence in any case information otherwise admissible from the records of the Department of Public Safety obtained from any terminal lawfully connected to the Georgia Crime Information Center without the need for additional certification of those records." The statute thus provides for self-authentication where the document sought to be admitted was obtained from a computer terminal lawfully connected to the GCIC. Testimony showed that the document in question here was obtained from an Athens police department terminal lawfully connected to the GCIC computer. Pursuant to the statute, nothing more is required. The trial court did not err by admitting this document.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 21, 1990.

*Albert Pearson*, for appellant.

*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.