## A92A0036. MATTOX v. THE STATE.
(421 SE2d 97)

ANDREWS, Judge.

Mattox was tried and convicted of armed robbery and appeals.

Mattox was indicted for a robbery, as was Benny Smith, which was committed on January 1, 1990. Evidence at trial was that on that date at about 5:00 a.m., a McDonald's restaurant in Cobb County was robbed by two black males, who had previously been seen sitting in a white car with "deep-dish wheels" parked behind the restaurant. One of the men jumped onto and over the counter and ordered all the employees into a room at the back of the restaurant, while the other man fired shots at a security device over the safe. The restaurant manager opened the safe and helped the man behind the counter put all the money into a payroll bag and the robbers escaped in the white car.

The police were called to the scene and a description of the men and their car was obtained. Shoe prints lifted from the counter were later determined to match Smith's shoes.

There was also evidence at trial that on January 20, 1990, around 3:00 a.m., police apprehended two black males in a wooded area behind a Burger King restaurant in Douglas County after receiving a suspicious person call. Mattox's car, a white Chrysler Cordoba with deep-dish wheels, was parked at a restaurant next to the Burger King. When questioned by police, Mattox stated that he worked at Grady Hospital and was just out walking in the woods. He was arrested and charged with loitering and prowling, although evidence of these specific charges was not introduced at trial. His car was impounded and a search made during which a small handgun holster, a hunting knife and a pair of pliers were found in the trunk; and a box of ammunition was found in the glove compartment. Shortly after Cobb County police learned of the arrests in Douglas County of Mattox and of his companion, Smith, they charged them with the armed robbery of Mc-

Donald's.

As the result of a plea negotiation, Smith testified for the State. He stated that he committed the armed robbery with Mattox on January 1, 1990; that he grabbed a young woman as she was entering the restaurant; that Mattox entered the establishment carrying a gun; that Mattox fired two shots at the security camera; and that they took the money and divided it.

Mattox also testified and stated that on New Year's Day he was celebrating until about 3:30 a.m. and that he spent the rest of the night with a woman. He stated that he was with Smith in Douglas County on January 21, that Smith was drunk and that he was in the woods because he was urinating.

Because Mattox denied being with Smith on January 1, the state cross-examined him about accusing Smith of reporting him to the authorities, which Mattox disavowed. The state called a rebuttal witness who testified that while Mattox was in a holding cell across from Smith, he looked at Smith and told him "yeah, you see what they do with snitches."

1. In two separate enumerations, Mattox contends that the trial court erred in allowing the state to allow evidence of his arrest in Douglas County on January 21. He argues that the trial court erred in allowing evidence of that crime as a similar transaction and that this evidence improperly placed his character in issue. These enumerations are without merit.

First, Mattox misunderstands the nature of the court's ruling. Before the trial, the court held a hearing in which it determined that evidence regarding the hour of the arrest and the fact that Mattox and Smith were together in the same type of vehicle was admissible, but that evidence regarding the specific crimes was not.

The evidence concerning events of January 21 was presented primarily through the testimony of Officer Newborn, a Douglas County police officer who responded to the suspicious person call. Newborn testified regarding the events that led to Mattox's arrest in Douglas County where he was held for different charges and then charged with the Cobb County armed robbery. The officer testified that he had seen Mattox and Smith, walking around behind a Burger King at 3:00 in the morning. Mattox told him that he had been driving a white Chrysler Cordoba. Newborn stated that he eventually placed Mattox under arrest, but there was no testimony regarding any charges other than the armed robbery with which Mattox was charged.

Pretermitting the question of whether the testimony regarding the Douglas County incident was admissible because of a logical connection between the crimes which would tend to prove identity, notice, plan, scheme, bent of mind and course of conduct, see *Belcher v. State*, 201 Ga. App. 139 (1) (410 SE2d 344) (1991), we find that the

evidence here was relevant and admissible in that it showed the circumstances surrounding Mattox's arrest. The incident in Douglas County was "part of the circumstances surrounding the accused's arrest. All circumstances surrounding an arrest are admissible for whatever value the jury desires to place on them. Where evidence may incidentally put character in issue or be prejudicial it may be admitted if otherwise relevant." (Citations and punctuation omitted.) *Coney v. State*, 198 Ga. App. 272, 273-274 (3) (401 SE2d 304) (1991). The incident in Douglas County was clearly relevant to the issues on trial and we find no error in allowing this evidence.

2. Mattox's next enumeration of error is that the trial court erred in allowing evidence of items taken from his car when it was impounded on January 21, because this evidence also improperly placed his character in issue.

"We find no merit in this enumeration. First, the record reveals that the objection appellant raised to the admission of this [evidence] was not on the ground raised here. A ground not raised by objection at trial cannot be raised for the first time on appeal." (Citations and punctuation omitted.) *Thomas v. State*, 196 Ga. App. 88, 90 (3) (395 SE2d 615) (1990). Second, our review of the record does not indicate that the evidence of which Mattox complains improperly placed his character in issue.

In his brief, Mattox argues that the inventory search was invalid, but this argument is not specifically enumerated as error and will not be considered here. See *Worley v. State*, 201 Ga. App. 704 (2) (411 SE2d 760) (1991).

3. In his second enumeration, Mattox asserts that the trial court erroneously permitted the prosecutor to offer an involuntary statement he made to the officer who arrested him without first holding a hearing outside the presence of the jury. Pretermitting the issue of whether Mattox's answer amounted to an involuntary custodial statement, defense counsel made no objection to the testimony when it was elicited. "[I]t is well settled that this court will not consider issues and grounds for objection which were not raised and passed upon in the trial court." *Norwood v. State*, 199 Ga. App. 536 (405 SE2d 526) (1991).

4. In his final enumeration, Mattox contends that the trial court erred in allowing a witness to testify whose name was not provided to the defense. Mattox contends that the testimony was not rebuttal testimony, as the State claims, and thus was improperly admitted. This contention is not supported by the trial transcript, in which Mattox unequivocally denied calling Smith a snitch. The witness was called to directly rebut this testimony, and " 'this court has repeatedly ruled that calling an unlisted witness in rebuttal is not error and does not violate § 17-7-110. (Cits.)' *Forney v. State*, 255 Ga. 316, 318 (2) (338

SE2d 252) (1986). Consequently, this enumeration provides no basis for reversal." *Kelly v. State*, 197 Ga. App. 811, 816 (7) (b) (399 SE2d 568) (1990).

Mattox's claim that the testimony improperly placed his character into issue was not raised at trial and thus he has waived appellate review on this ground. *Thomas*, supra.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JULY 1, 1992.

*Robert H. Alexander III*, for appellant.

*Thomas J. Charron*, District Attorney, *J. Richard Edwards, Debra H. Bernes, Nancy I. Jordan*, Assistant District Attorneys, for appellee.