A93A0345. MIDDLEBROOKS v. THE STATE.
(431 SE2d 425)

POPE, Chief Judge.

Anthony Middlebrooks appeals his convictions for armed robbery and aggravated assault and the denial of his motion for new trial. We affirm.

1. Defendant's contention that the aggravated assault charge merged with the armed robbery charge is without merit. The jury was authorized to find that the defendant and his co-defendant Larry Smith robbed the victim at gunpoint and after they had completed that crime and turned to leave they then decided to shoot him. As the aggravated assault charge stems only from shooting the victim, the facts used to prove each crime and the elements of each crime were separate. Thus, under the facts of this case, the aggravated assault charge did not merge with the armed robbery charge. See *Gaither v. Cannida*, 258 Ga. 557 (1) (372 SE2d 429) (1988); *Harvey v. State*, 233 Ga. 41, 43 (209 SE2d 587) (1974); *Millines v. State*, 188 Ga. App. 655 (373 SE2d 838) (1988); *Miller v. State*, 174 Ga. App. 42 (5) (329 SE2d 252) (1985).

2. Defendant argues it was reversible error to allow the State to present evidence that bullets were found in the coat defendant was wearing at the time of his arrest. Although the evidence showed the bullets were for a different model gun than was used to shoot the victim, " '[a]ll circumstances connected with an arrest are proper matters to be submitted to the jury to be weighed by them for what they are worth.' [Cit.]" *Ashley v. State*, 160 Ga. App. 325 (2) (287 SE2d 321) (1981).

3. Defendant argues his constitutional right to a fair trial was denied because certain witnesses who had testimony favorable to the defendant were intimidated into refusing to testify or into changing their testimony as a result of threats by the victim. Two witnesses testified they were threatened by the victim. One witness'· testimony was presented to the jury. That witness testified fully about the victim's threat concerning her. She also testified that the victim had a bad reputation and that she would not believe him under oath. She further testified that she did not see the robbery or shooting and had testified fully concerning her knowledge of the crimes charged. Accordingly, the record does not support the defendant's contention that he was not able to present this witness' testimony fully to the jury because the victim had threatened her.

With regard to the second witness, before the evidence was concluded and the jury was charged, both defendants stated on the record that they had decided not to call that witness. Nonetheless, while the jury was deliberating the parties made an offer of her testimony to the trial judge. The record supports the trial judge's conclusion that the reason this witness did not timely appear was because she was participating in a drug rehabilitation program and not because she was threatened by defendant. Regardless of her reason for not timely appearing to testify, because defendant had decided not to call her as a witness, his inability to question her fully before a jury cannot constitute reversible error.

4. Defendant further alleges he was denied the right to fully cross-examine the victim because he was denied access to the victim's juvenile records. Defendant made a pretrial motion to review the victim's juvenile record. After a rather lengthy and confusing discussion concerning that motion, the understanding of defense counsel seemed to be that the trial judge would conduct an in camera inspection of the juvenile records of the victim and "let [him] know." The record does not reflect a ruling on the defendant's motion to review the juvenile records of the victim. As the defendant failed to invoke a ruling on his motion, he has "waived the issue for the purposes of appeal. [Cit.]" *Dover v. State*, 250 Ga. 209, 212 (4) (296 SE2d 710) (1982), cert. denied, 459 U. S. 1221 (103 SC 1228, 75 LE2d 462) (1983).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 10, 1993.

*Eric J. Hertz*, for appellant.
*Lewis R. Slaton*, District Attorney, *Nancy A. Grace, Anita Wallace*, Assistant District Attorneys, for appellee.