## A93A1041. SMITH v. THE STATE.
(436 SE2d 104)

POPE, Chief Judge.

Defendant Larry Smith appeals his conviction for aggravated assault and aggravated battery. Defendant was indicted and tried for aggravated assault, aggravated battery and armed robbery of a man who allegedly owed his co-defendant Anthony Middlebrooks money. This court recently affirmed the conviction of Middlebrooks. *Middlebrooks v. State*, 208 Ga. App. 625 (431 SE2d 425) (1993).

1. In his first two enumerations of error, defendant contends the trial court committed reversible error by giving an incorrect statement of the law during the charge concerning the State's burden once the affirmative defense of self-defense is raised. At trial, only Middlebrooks presented the defense of self-defense.[1] Defendant presented only an alibi defense; that is, he was not present at the crime. Thus, regardless of whether the jury was correctly instructed concerning the defense of self-defense, it would constitute at most harmless error with regard to defendant who did not present such a defense. For this reason, these enumerations of error are without merit.

2. Defendant argues the trial court erred in denying defendant access to the victim's subpoenaed juvenile records. The record reflects that defendant adopted co-defendant Middlebrooks' argument concerning Middlebrooks' motion to review the victim's juvenile record. As we discussed in *Middlebrooks*, however, the defendant failed to invoke a ruling on that motion and the issue is waived for purposes of

---

[1] Middlebrooks did not challenge on appeal the charge concerning the State's burden once the affirmative defense of self-defense was raised.

appeal. *Middlebrooks*, 208 Ga. App. at 626 (4).

3. We reject defendant's argument that his constitutional right to a fair trial was denied because certain witnesses were intimidated by the victim and thus refused to testify or changed their testimony for the same reasons that argument was rejected in *Middlebrooks*, 208 Ga. App. at 626 (3).

4. Defendant's contention that the trial court's charge on circumstantial evidence was erroneous is not supported in his brief by citation of authority or argument and is deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2).

5. Defendant also challenges his conviction on the general grounds. When the evidence presented at trial is considered in the light most favorable to support the verdict, there was sufficient evidence presented of defendant's guilt of aggravated assault and aggravated battery that a reasonable trier of fact could find defendant guilty of those crimes beyond a reasonable doubt.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 27, 1993.

*Gary W. Washington*, for appellant.
*Lewis R. Slaton, District Attorney, Anita Wallace, Nancy A. Grace, Assistant District Attorneys*, for appellee.