### A93A2205. SUMMEROUR v. THE STATE.

(438 SE2d 176)

JOHNSON, Judge.

Torey Summerour appeals from his conviction of possession of cocaine with intent to distribute.

1. Summerour contends that the trial court erred in allowing a deputy to testify about the contents of a missing letter that Summerour allegedly wrote and sent to his co-defendant. The deputy testified that the co-defendant allowed him to read the letter, in which Summerour asked the co-defendant to admit to the instant drug charge in exchange for money. Summerour correctly notes that the deputy's testimony was hearsay. However, so long as the letter itself was authenticated and the deputy's testimony was the best evidence of the letter's contents, such evidence was admissible as an incriminating statement by Summerour. "[A] voluntary incriminating statement or confession by a criminal defendant is admissible as an exception to the hearsay rule. [Cit.]" *Allison v. State*, 179 Ga. App. 303, 309 (4) (346 SE2d 380) (1986), rev'd on other grounds at 256 Ga. 851 (353 SE2d 805) (1987).

The State sufficiently authenticated the letter as having been executed by Summerour. "Proof of handwriting may be resorted to in the absence of direct evidence of execution. In such case, any witness who shall swear that he knows or would recognize the handwriting shall be competent to testify as to his belief. The source of his knowledge shall be a question for investigation and shall go entirely to the credit and weight of his evidence." OCGA § 24-7-6. "A nonexpert witness may identify the handwriting of a particular individual (as he would identify the individual himself), provided he knows the handwriting or is so familiar with it that he would recognize it." (Citations and punctuation omitted.) *Quick v. State*, 256 Ga. 780, 783 (4) (353

SE2d 497) (1987). In the present case, the deputy swore that through his work at the jail he is familiar with Summerour's handwriting and he described several distinguishing characteristics of that handwriting. The State introduced a document containing Summerour's signature, which, according to the deputy, demonstrated the handwriting characteristics he had described. The deputy testified that the handwriting in the letter sent to the co-defendant was similar to Summerour's writing. The trial court correctly ruled that it was for the jury to determine the weight to be given this evidence of the authenticity of the letter.

Moreover, the trial court properly allowed the deputy to testify about the contents of the missing letter. The best evidence rule requires the original of a writing to be produced when the writing is introduced to establish its contents. OCGA § 24-5-4 (a); *Shivers v. State*, 188 Ga. App. 744, 745 (2) (374 SE2d 233) (1988). However, "OCGA § 24-5-4 (a) makes the best evidence rule inapplicable whenever the absence of the original writing is satisfactorily accounted for. OCGA § 24-5-21 provides that if a paper shall have been lost or destroyed, proof of the fact to the court shall admit secondary evidence. The question of diligence is one for the sound discretion of the court. This rule applies both to secondary documentary evidence *and to parol testimony*." (Citations and punctuation omitted; emphasis in original.) *McGee v. State*, 260 Ga. 178, 179 (3) (b) (391 SE2d 400) (1990). Here, the State satisfactorily accounted for the absence of the letter through the co-defendant, who testified that he discarded the letter after showing it to the deputy. Because the letter was destroyed, the trial court did not abuse its discretion in allowing the deputy's secondary parol evidence of the letter's contents.

2. Summerour complains that the court erred in allowing the deputy to testify because his name was not on the witness list provided by the State pursuant to OCGA § 17-7-110. "The purpose of OCGA § 17-7-110 is to afford the defendant a reasonable opportunity to interview witnesses before trial so as to avoid being surprised by testimony at trial. This court and the Court of Appeals have held that the testimony of a witness whose name was not supplied to the defendant does not have to be excluded if other means of protecting the defendant and effectuating the intent of the statute can be found. And, in instances when the trial court has allowed the defendant an opportunity to interview unlisted witnesses, it has been held that the purpose of the statute has been satisfied, and that the trial court properly allowed the witnesses to testify." (Citations and punctuation omitted.) *White v. State*, 253 Ga. 106, 109-110 (3) (317 SE2d 196) (1984). Here, the court gave Summerour the opportunity to interview the deputy during the trial's overnight recess. Summerour did in fact interview the deputy at that time and thereafter told the court that

the deputy "was most cooperative and forthright." Under these circumstances, the purpose of OCGA § 17-7-110 has been satisfied and the trial court properly allowed the deputy to testify.

3. Summerour contends that the court erred in admitting his prior conviction for sale of cocaine as similar transaction evidence because the prior and instant offenses are not sufficiently similar. This contention is without merit. The record shows that in both instances, which occurred within half a mile and a year of each other, Summerour possessed several pieces of "crack" cocaine that were individually packaged in small plastic bags. This evidence was similar enough to show Summerour's course of conduct and scheme or plan to engage in the business of distributing cocaine. *Collins v. State*, 205 Ga. App. 341, 343-344 (2) (422 SE2d 56) (1992). The trial court did not err in admitting the similar transaction evidence. *Everhart v. State*, 209 Ga. App. 82, 83 (1) (432 SE2d 670) (1993).

*Judgment affirmed. McMurray, P. J., concurs. Blackburn, J., concurs in judgment only.*

DECIDED NOVEMBER 19, 1993.

*Joseph J. Drolet*, for appellant.

*Thomas J. Charron, District Attorney, William M. Clark, Debra H. Bernes, Assistant District Attorneys*, for appellee.