A96A2197. SHIELDS v. THE STATE.
(477 SE2d 342)

ELDRIDGE, Judge.

A Walker County jury found appellant William E. Shields guilty as charged of the offenses of serious injury by vehicle; DUI — less safe driver; DUI — excessive blood alcohol content; and driving on the wrong side of the road. Shields appeals.

Appellant raises as his sole enumeration of error that the trial court erred in allowing the victim, former Rossville Police Sergeant William E. Meredith, to testify that, in the hospital emergency room to which both appellant and Meredith had been transported, he heard a man who was lying on a nearby stretcher ask the hospital staff "what happened and they told him that he was involved in an accident with a — hit a Rossville Police Sergeant"; the man responded that "he didn't hit no goddamn pig." Appellant contends that the admission of this latter statement was reversible error as the statement was inadmissible hearsay since no competent evidence was presented that demonstrated the identity of the man who made the statement, and thus, no exception to the hearsay rule would permit its introduction. In the alternative, appellant argues that even if the evidence showed that appellant made the statement about which he complains, its admission constituted reversible error as the statement put appellant's character in issue without being relevant to any issue in the case or any fact in dispute.

Hearsay evidence is not admissible unless the evidence constitutes a recognized exception to the general rule excluding hearsay. *Moore v. State*, 154 Ga. App. 535 (268 SE2d 706) (1980). A voluntary, incriminating statement or confession by a criminal defendant is admissible as an exception to the hearsay rule, as is an express or implied admission against interest. *Toledo v. State*, 216 Ga. App. 480, 482 (455 SE2d 595) (1995); *Summerour v. State*, 211 Ga. App. 65 (1) (438 SE2d 176) (1993). With these principles in mind, we turn to a review of the record in the case sub judice.

Sufficient evidence may well have established that appellant was the maker of the statement about which he complains. See *Jackson v. State*, 256 Ga. 536 (2) (350 SE2d 428) (1986). Certainly, no evidence places any other victims of a vehicular collision, save appellant and William Meredith, in the emergency room of the Hutcheson Medical Center in rural Fort Oglethorpe, north Georgia, at 3:00 a.m.; moreover, the context in which the statement was made identifies the maker as the one who was involved in the collision with William Meredith, i.e., appellant. However, the inquiry does not end there with regard to the admissibility of appellant's statement. The question then becomes whether the statement about which appellant complains was an "incriminating statement or confession," or an admission against interest so as to fit within the exception to the hearsay rule. *Summerour*, supra at 65; *Toledo*, supra at 482. We conclude that it was not.

In fact, it is difficult to discern any purpose for the admission of this statement other than the improper introduction of appellant's character into evidence, and the brief of the state provides this Court with no enlightenment in this regard. Clearly, the statement, on its face, contains a *denial* of appellant's role in the auto accident with Sergeant Meredith; further, appellant did not testify at trial or make any contradictory remarks that might have imbued the challenged statement with impeachment value. Thus, the only apparent benefit that inured to the prosecution by the introduction of appellant's statement was by virtue of the less than seemly language in which his denial was couched. This Court is concerned about this appearance of prosecutorial over-reaching seemingly camouflaged by the general rule regarding the admissibility of a defendant's voluntary statements; even under the broad admissibility standards of that general rule, a defendant's statements must be relevant for some purpose other than to show a deficient character. In the apparent absence of a legitimate, relevant purpose for its introduction, the admission of appellant's statement was error.

Notwithstanding the above, we are constrained to find that, upon the record before this Court, the error in the admission of appellant's statement was harmless. The state's case demonstrated

that just after midnight on December 6, 1989, appellant, driving a Cadillac automobile at a high rate of speed northbound on a particularly dark stretch of Highway 193, attempted to pass an 18-wheel tractor trailer truck on a curve of the highway where routine caution and double yellow lines would prohibit such a maneuver. Heading southbound in the opposite direction, William Meredith was returning home from his father's house. Meredith saw the truck, and "I dimmed my lights[;] the truck dimmed his lights like that, and right as I was going into the blind curve right there, approximately at the end of the trailer just getting past the truck[,] I just met headlights right in the middle of the road." William Meredith had to be cut out of his vehicle and "it hurt terribly when they took me out of the car. It just — they were just like pulling me apart when they took me out of it. like that. It just — I'm not a baby but it hurt terribly when they took me out of the car like that." Meredith had suffered a crushed pelvis as a result of the collision and spent 23 days in the hospital; Meredith testified as to the permanent nature of the injuries he suffered. A subsequent test of appellant's blood, drawn three hours after the collision, showed a blood alcohol content of .16.

The state presented testimony from the victim, the tractor trailer driver, numerous EMTs and hospital personnel, and the State Trooper who was called to the scene and later reconstructed the accident. Appellant did not testify and put up no evidence in contradiction of the state's case. Thus, we conclude that the error in the admission of appellant's statement was harmless beyond a reasonable doubt in light of the overwhelming evidence of appellant's guilt.[1] *Johnson v. State*, 238 Ga. 59, 60 (230 SE2d 869) (1976); *Sampson v. State*, 209 Ga. App. 213, 216 (433 SE2d 136) (1993).

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED OCTOBER 11, 1996.

*Sawyer & Sawyer, Horace K. Sawyer III*, for appellant.
*Ralph L. Van Pelt, Jr., District Attorney*, for appellee.

---

[1] Appellant's reliance on this Court's decision in *Cobb v. State*, 209 Ga. App. 708 (434 SE2d 513) (1993) is misplaced. The multiplicity of error that made a harmless error analysis impossible in *Cobb*, supra, is simply not present in the case sub judice.