A97A2014. LOUIS v. THE STATE.
A98A0127. PHILBERT v. THE STATE.
(497 SE2d 824)

BEASLEY, Judge.

Nimrod Louis and Lindy Philbert were convicted of three counts of aggravated assault (OCGA § 16-5-21), one count of first-degree criminal damage to property (OCGA § 16-7-22), and one count of possession of a firearm during the commission of a crime (OCGA § 16-11-106). Philbert challenges the sufficiency of the evidence to support the verdict. Louis' appeal revolves around his statement when arrested.

Louis owns a teal green Honda Accord with tinted windows. On the evening of March 10, 1996, Philbert was riding around in the car with Louis and Ken Charles. That same evening, Tauras James was driving a Pontiac with Brent Sanders and Kristan Charles as passengers. A green Honda Accord with tinted windows pulled in front of the Pontiac, causing the front bumper of the Pontiac to hit the right side of the Honda. A man jumped out of the Honda and began shooting at the Pontiac. Although neither Sanders nor Charles could identify the man, James positively identified Philbert as the shooter both during a pretrial photographic lineup and at trial. Philbert injured both James and Sanders and damaged the car.

Police investigated, arrested Louis and obtained a warrant to search his car. A microanalyst employed by the GBI crime laboratory compared paint removed from the Pontiac's front bumper with paint scrapings taken from the searched Honda's right side. The witness described the microscopic composition of these paint samples as "virtually indistinguishable" and deduced that the paint could only have originated from a 1990 or 1991 Honda Accord manufactured in this country.

Although Louis and Philbert denied involvement in the crimes, Louis admitted to police that he was in possession of his car at the

time in question. Evidence was presented showing that shell casings recovered from the scene were typically fired from an assault rifle, such as one Louis owned. When questioned by police after being advised of his rights, he could not account for his rifle's whereabouts. The officer testified that Louis stated repeatedly, " 'I don't deal in violence,' and that he did not understand why he was being charged, explaining that things like the shooting he was being asked about happen all the time in the homeland. He recounted his whereabouts that evening over and over again although he did not know the times."

1. Louis challenges the admission of his statement to law enforcement officers when arrested March 13, three days after the incident, that the police "had better not let him out or that he would do what he was accused of doing." The statement prompted a warrant charging Louis with terroristic threats. The issue, as framed by appellant, is whether admission of this statement was too remote in time from the alleged crime, violated *Shields v. State*, 223 Ga. App. 169 (477 SE2d 342) (1996), and violated USCR 31.3.

Statements spontaneously uttered by a defendant at the time of his arrest have been held admissible either as part of the res gestae of the criminal transaction or "to prove the circumstances surrounding the arrest." See *Lebis v. State*, 212 Ga. App. 481, 482 (3) (a) (442 SE2d 786) (1994); *Bogan v. State*, 206 Ga. App. 696, 697 (1) (426 SE2d 392) (1992). Louis' arrest did not occur until three days after the crimes were committed, so his arrest was not part of the res gestae. See *DeCastro v. State*, 221 Ga. App. 83, 85-86 (1) (470 SE2d 748) (1996) (physical precedent only).[1]

On the question of whether his statement was nonetheless admissible as showing the circumstances of his arrest, *Ivester v. State*, 252 Ga. 333, 334 (2) (313 SE2d 674) (1984), "makes abundantly clear that the evidence must be *otherwise* relevant: 'the conduct must involve matters concerning which the truth must be found (i.e. are relevant to the issues on trial).' [Cit.]" (Emphasis in original.) *DeCastro v. State*, supra at 85.

Louis' statement fit the condition. Although he denied his involvement in the crimes charged, the evidence placed him in his car with Philbert at the time Philbert jumped out and shot at the other car. The fact that when arrested Louis threatened to engage in this very conduct was a proper matter to be submitted to the jury to be weighed by them on the issue of his bent of mind. *Middlebrooks v. State*, 208 Ga. App. 625, 626 (2) (431 SE2d 425) (1993). We find no

---

[1] *Terrell v. State*, 138 Ga. App. 74 (1) (225 SE2d 470) (1976), gives a clear explanation of the meaning of res gestae and an application of the concept.

abuse of discretion, for it involved a matter " 'concerning which the truth must be found.' " *Ivester*, supra at 33. See *Clements v. State*, 226 Ga. 66 (1) (172 SE2d 600) (1970) (when arrested, defendant had a weapon tucked in his belt and two on the seat of the auto which resembled weapons used in robberies); *Wayne v. State* 56 Ga. 113, 119 (5) (1876) (when arrested, defendant in possession of blood-stained knife with which fatal blow probably inflicted and two guns); *McClung v. State*, 206 Ga. 421, 423 (1) (57 SE2d 559) (1950) (circumstances of arrest relevant to explain conduct and ascertain motives).

*Shields*, supra, is distinguishable. It condemned the admission in evidence of a statement by the defendant, couched in unseemly language, constituting a *denial* of his role in the incident giving rise to his convictions.

In *Mattox v. State*, 204 Ga. App. 750, 752 (1) (421 SE2d 97) (1992), as here, the defendant complained that the admission of testimony concerning his arrest days after the incidents on trial improperly placed his character in issue by showing the commission of another crime. Regardless of whether the challenged testimony was admissible under criteria for the admission of similar transaction evidence, we held it was relevant in that case to show the circumstances of arrest. It follows that where the evidence is admitted on the latter ground, the procedure in USCR 31.3 for the admission of evidence of similar transactions is not presently required.

Louis' complaint that he was surprised by the introduction of his statement at trial is contrary to fact. Before trial, he requested under OCGA § 17-7-210 any statements made by him while in police custody. The statement was furnished in response. Prior to its admission at trial, Louis orally moved in limine to exclude it. The statement was introduced after the court determined its admissibility at a hearing held outside the presence of the jury.

2. Philbert challenges the sufficiency of the evidence because only two of the three occupants of the Pontiac could identify him and because of certain alleged conflicts in the State's evidence.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant . . . no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). [Cits.] 'Conflicts in the testimony of the witnesses, including the (S)tate's witnesses, is a matter of credibility for the jury to resolve. (Cits.) As long as there is some (competent) evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. (Cit.)' [Cit.]" *Grier v. State*, 218 Ga. App. 637, 638 (1) (463 SE2d 130) (1995).

Judged by these principles, the evidence presented to the jury was sufficient to support its verdict.

*Judgments affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 5, 1998

*Akin & Tate, S. Lester Tate III,* for appellant (case no. A97A2014).

*Thomas N. Brunt,* for appellant (case no. A98A0127).

*T. Joseph Campbell, District Attorney,* for appellee.