**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 12, 2015**

# In the Court of Appeals of Georgia

A15A0324. DAVIS v. THE STATE.

BRANCH, Judge.

Following a bench trial in Clarke County State Court, Cameron Davis was convicted of DUI less safe, DUI per se, and reckless driving. Davis now appeals, arguing that the trial court erred in denying his motion to suppress the results of his state-administered blood alcohol test. Specifically, Davis contends that because his alleged consent to that test resulted solely from Georgia's implied consent notice, it was not freely and voluntarily given and the test therefore violated the Fourth Amendment and the related provision of the Georgia Constitution.[1] For reasons

---

[1] Ga. Const. of 1983, Art. I, Sec. I, Par. XIII contains language identical to that found in the Fourth Amendment to the United States Constitution with respect to the prohibition against unreasonable searches and seizures. Specifically, Paragraph XIII guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The Georgia Supreme Court has

explained below, we vacate both the trial court's order denying Davis's motion to suppress and the judgment of conviction and remand the case for further proceedings consistent with the Georgia Supreme Court's opinion in *Williams v. State*, ___ Ga. ___ (Case No. S14A1625, decided March 27, 2015).

The record shows that at the bench trial, the parties stipulated to the relevant facts. The stipulated facts show that at approximately 12:30 p.m. on October 7, 2012, an Athens police officer conducted a legal traffic stop of a car driven by Davis.[2] The officer initiating the stop noticed that Davis had bloodshot eyes and slurred speech and smelled strongly of alcohol. The officer asked Davis to take an alcohol breath test but Davis refused, saying that he would prefer a blood alcohol test. The officer then explained that Davis was not under arrest, asked Davis to participate in field sobriety tests, and explained to Davis what those tests would entail. Davis responded that he would "rather not" undergo the field sobriety tests. The officer then arrested Davis

---

held that with respect to this guarantee, Paragraph XIII is applied in accord with the Fourth Amendment. See *Brown v. State*, 293 Ga. 787, 791 (2) (a), n. 6 (750 SE2d 148) (2013).

[2] The officer conducted the stop after he observed the car traveling approximately 20 miles per hour over the posted speed limit.

and read him the implied consent notice[3] and again asked him to submit to a breath test. Davis reiterated that he would prefer a blood test. The officer read the implied consent notice to Davis a second time and asked Davis to undergo a blood test; Davis then agreed to the request.

---

[3] The applicable implied consent notice for suspects age 21 or over is set forth in OCGA § 40-5-67.1 (b) (2) and states:

"Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state will be suspended for a minimum period of one year. Your refusal to submit to the required testing may be offered into evidence against you at trial. If you submit to testing and the results indicate an alcohol concentration of 0.08 grams or more, your Georgia driver's license or privilege to drive on the highways of this state may be suspended for a minimum period of one year. After first submitting to the required state tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances at your own expense and from qualified personnel of your own choosing. Will you submit to the state administered chemical tests of your (designate which tests) under the implied consent law?"

3

The traffic stop had occurred in the parking lot of Athens Regional Medical Center, so the officer took Davis into the hospital where his blood was drawn. Chemical tests of the blood performed by the GBI showed that Davis had a blood alcohol level above the legal limit. Davis was subsequently charged with DUI less safe, DUI per se, and reckless driving. Prior to trial, Davis filed a motion to suppress the results of the blood test, arguing that because his consent resulted solely from his being read the implied consent notice, it was not the voluntary consent required by the Fourth Amendment. Following a hearing on the motion to suppress, the trial denied the same. The case proceeded to trial. After hearing the stipulated facts, the trial court found Davis guilty of all charges. Davis then filed this appeal.

Approximately six months after this appeal was docketed, the Georgia Supreme Court issued its opinion in *Williams*. As in this case, the DUI defendant in *Williams* moved to suppress the results of his state-administered blood test, asserting that his alleged consent to that test had resulted solely from the implied consent notice. Thus, Williams contended that his consent was not given freely and voluntarily and that the test therefore violated the Fourth Amendment's prohibition on warrantless searches. The trial court denied Williams's motion, and Williams was thereafter convicted of DUI following a bench trial. Relying on the United States Supreme Court's opinion

4

in *Missouri v. McNeely*, 569 U. S. ___ (133 SCt 1552, 185 LEd2d 696) (2013), the Georgia Supreme Court vacated both the order denying Williams's motion to suppress and the judgment of conviction and remanded the case for the trial court to address "whether Williams gave *actual consent* to the procuring and testing of his blood, which would require the determination of the voluntariness of the consent under the totality of the circumstances." *Williams*, ___ Ga. at ___ (emphasis in original).

In reaching the conclusion that remand was necessary, our Supreme Court relied on the well-established law that "[a] suspect's right under the Fourth Amendment to be free of unreasonable searches and seizures applies to the compelled withdrawal of blood, and the extraction of blood is a search within the meaning of the Georgia Constitution." Id. at ___ (emphasis in original; citation omitted). The court then noted that in *McNeely*, the United States Supreme Court had "rejected a per se rule that the natural metabolization of alcohol in a person's bloodstream constitutes an exigency justifying an exception to the Fourth Amendment's search warrant requirement for nonconsensual blood testing in all DUI cases." *Williams*, ___ Ga. at ___. See also *McNeely*, 569 U. S. at ___ (II) (B) (133 SCt at 1563) ("while the natural dissipation of alcohol in the blood may support a finding of exigency in a specific

5

case, . . . it does not do so categorically. Whether a warrantless blood test of a drunk-driving suspect is reasonable must be determined case by case based on the totality of the circumstances.") Consequently, where a DUI suspect challenges the validity of his consent to chemical blood tests, the State must prove that the suspect gave actual consent – i.e., that the totality of the circumstances show that the suspect acted freely and voluntarily in giving that consent. *Williams*, ___ Ga. at ___ ("'[w]hen relying on the consent exception to the warrant requirement, the State has the burden of proving that the accused acted freely and voluntarily under the totality of the circumstances'"), quoting *Cooper v. State*, 277 Ga. 282, 291 (VI) (587 SE2d 605) (2003).

In light of *Williams*, we vacate both the order denying Davis's motion to suppress and the judgment of conviction. We remand the case for the trial court to consider whether the totality of the circumstances in this case show that Davis's consent to the blood alcohol test was given freely and voluntarily. See *Williams*, ___ Ga. at ___.

*Judgment vacated and case remanded. Andrews, P. J., and Miller, J., concur.*