**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 16, 2016**

# In the Court of Appeals of Georgia

A16A1147. STOICA v. STATE

BARNES, Presiding Judge.

A Hall County jury found Gheorghe Stoica guilty of driving under the influence (per se), driving under the influence (less safe), and failure to maintain lane. Thereafter, the trial court granted his motion for new trial as to the DUI (per se) conviction, but denied the motion for new trial of the DUI (less safe) and failure to maintain a lane convictions. Stoica now appeals and contends that the trial court erred by failing to grant his motion to suppress, failing to exclude his blood test, and by partially denying his motion for new trial. For the reasons that follow, we affirm.

On November 27, 2013, a state trooper stopped Stoica on the highway after receiving a 911 dispatch concerning a car that was driving erratically. When the trooper initially observed Stoica's vehicle, Stocia was being followed by a line of cars traveling slowly with their hazard lights flashing, and before initiating the stop . The trooper

stopped Stoica, who was "lethargic" getting out of the car, had bloodshot and watery eyes, and slow and slurred speech. Stocia also spoke with a foreign accent. Stocia was so unsteady on his feet that the trooper has to grab him to keep him from "stumbling . . . into the travel lane." Stocia initially was unresponsive when asked if he had consumed any alcohol, but later acknowledged that he had consumed "two beers."

The trooper was unable to complete the HGN evaluation because Stocia could not follow the instructions, and did not attempt the "one-leg-stand and walk-and-turn evaluation" because of Stocia's unsteadiness. The alcosensor test revealed that Stocia's breath sample was positive for alcohol. Based on his observation of the driver and the results of attempted field sobriety tests, the trooper arrested Stoica, read him the implied consent notice, and asked if he consented to having his blood drawn. While no response is audible on the recording of the stop, the trooper testified that Stoica gave verbal consent as well as a physical indication of assent. At the jail, Stoica's blood was drawn and tested and Stoica was charged with DUI (per se), DUI (less safe), failure to maintain lane, and possession of an open container.

Stoica moved to suppress evidence regarding the field sobriety tests, his responses to the implied consent warning, any statements he made, his blood test results, and any other evidence obtained after he was stopped. He argued that his

alleged consent to the blood test was not voluntary and therefore the blood draw was an illegal search and seizure under *Missouri v. McNeely*, 569 U.S. ___ (133 SCt 1552; 185 LE2d 696) (2013). The United States Supreme Court held in *McNeely* that "the natural metabolization of alcohol in the bloodstream [does not present] a per se exigency that justifies an exception to the Fourth Amendment's warrant requirement for nonconsensual blood testing in all drunk-driving cases," but the "exigency in this context must be determined case by case based on the totality of the circumstances." Id. at 1556. Following a hearing conducted with the assistance of a Romanian interpreter, the trial court denied the motion to suppress up to and including the implied consent warning and response, but granted it as to any further questions and answers after that point.

During the subsequent trial, Stoica objected to the admission of his blood test results. The State introduced into evidence a video recording of the traffic stop, testimony from the arresting trooper, testimony from a driver who contacted 911 after observing Stoica driving erratically on the highway, the jail nurse who supervised the nurse who drew Stoica's blood, and the forensic toxicologist who tested the blood sample for alcohol. The trial court denied Stoica's motion for a directed verdict of

3

acquittal on all counts, and the jury found Stoica not guilty of possession of an open container and guilty of both DUI counts and the moving violation.

Stoica filed a motion for new trial after his conviction, arguing that under *Williams v. State*, 296 Ga. 817 (771 SE2d 373) (2015), which adopted the voluntary consent analysis in *McNeely*, the trial court erred in admitting evidence of the blood test. The trial court first found that the State presented sufficient evidence of both DUI counts and the moving violation to meet the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). After noting that it did not previously consider whether Stoica gave actual consent to the state-administered blood test, as *Williams* had not then been decided, the trial court held,

> [d]ue to the Defendant's extreme intoxication and the possibility that he did not fully understand the nature of implied consent warnings due to the possibility of a language barrier, this Court cannot find that the State gave actual consent to the state-administered test. *Williams v. State*, 696 Ga. 817 (2015); *Davis v. State*, 332 Ga. App. 488 [(773 SE2d 442)] (2015).

Based on that finding, the trial court granted Stoica's motion for a new trial on the DUI (per se) count, but denied it on the DUI (less safe) and failure to maintain lane counts. Stoica timely filed this appeal.

1. Although the State argues that the analysis in *Williams*, 296 Ga. 817, is inapplicable because the opinion was issued after Stoica was convicted,"[u]nder the pipeline rule, . . . a new rule of criminal procedure will be applied to pending cases, so long as the issue was preserved for appellate review." *Bailey v. State*, ___ Ga. App. ___ (2) (a) (Case No. A16A0200, decided July 13, 2016). Stoica's motion to suppress cited *McNeely*, 133 SCt 1552, upon which *Williams* relied, and "was sufficient to put the State on notice that the seizure of his blood . . . was at issue and that it was necessary to present evidence to justify the warrantless search." *Bailey*, ___ Ga. App. at ___. See also *Davis v. State*, 332 Ga. App. 488, 489-490 (773 SE2d 442) (2015) (vacating conviction and remanding for reconsideration of motion to suppress in light of *Williams*). Stoica thus preserved the consent issue and is entitled to rely on *Williams*.

2. While Stoica enumerates five errors, he does not address them individually, but instead argues that the errors "are not necessarily fully distinct, as they all end up calling into question the sufficiency of the evidence," because the three counts "are too intertwined not to be retried together." See Court of Appeals Rule 25 (c) ("The sequence of arguments in the briefs shall follow the order of the enumeration of errors, and shall be numbered accordingly."); *Salazar v. State*, 256 Ga. App. 50, 51 (2) (567 SE2d 706) (2002). Nevertheless, we exercise our discretion to reach the merits of this

5

case, and we address Stoica's arguments to the extent they are apparent from the notice of appeal, the record and the parties' briefs. See *State v. Madison*, 311 Ga. App. 31, 32 (1) (714 SE2d 714) (2011).

3. So considered, Stoica essentially contends that the trial court erred by granting his motion for new trial only as to the DUI (per se) count and denying his motion for new trial with regards to the DUI (less safe) and failure to maintain lane counts. He argues that the evidence regarding the per se and less safe violation was intertwined to such a degree that the erroneous admission of the blood test required a retrial of the other charges too.[1]

The State does not dispute the trial court's finding that Stoica's consent was not voluntary in the order granting a new trial determination in the new trial order, nor does it dispute that Stoica is entitled to a new trial on the DUI (per se) charge, but instead argues only that the admission of the blood test evidence was harmless error as to the remaining counts of DUI (less safe) and failure to maintain lane. We agree.

---

[1]Stoica does not argue that the exclusion of the blood test would render the evidence insufficient to sustain a conviction of DUI (per se), and therefore we do not reach that issue. But see *Bailey*, ___ Ga. App. at ___ (2) (a); *Cuyuch v, State*, 284 Ga. 290, 295 (3) (667 SE2d 85) (2008) (reversal required when inadmissable evidence is the sole basis for conviction).

6

"Error of constitutional dimension is harmless only if it can be determined beyond a reasonable doubt that it did not contribute to the jury's guilty verdict." *Threatt v. State*, 240 Ga. App. 592, 597 (1) (524 SE2d 276) (1999). "The stringency of the beyond a reasonable doubt standard bespeaks the weight and gravity of the private interest affected, society's interest in avoiding erroneous convictions, and a judgment that those interests together require that society impose almost the entire risk of error upon itself." *Little v. State*, 230 Ga. App. 803, 808-809 (2) (498 SE2d 284) (1998). However, even "[a]n error of constitutional magnitude can be harmless when [as here]. . . the evidence against the defendant is overwhelming." (Punctuation and footnotes omitted.) *Yarber v. State*, 337 Ga. App. 40, 44-45 (785 SE2d 677) (2016).

Here, before the jurors heard any evidence regarding the blood test results, they heard testimony about Stocia's erratic, dangerous, and concerning driving, the odor of alcohol emanating from his person, his slurred speech and bloodshot eyes, his unsteadiness, his inability to comply with the field sobriety tests, his admission to drinking, the open container of a liquid that smelled like alcohol in his car, and his positive alcosensor result. The jury also viewed the dash-cam video of the trooper's interaction with Stocia.

Accordingly, because the evidence that Stocia was a less-safe driver was overwhelming, even in the absence of his blood tests results, the erroneous admission of that evidence was harmless beyond a reasonable doubt. See *Shields v. State*, 223 Ga. App. 169, 170 (477 SE2d 342) (1996) ("the error in the admission of the appellant's statement was harmless beyond a reasonable doubt in light of the overwhelming evidence of appellant's guilt" in his DUI (less safe) trial.) (punctuation and footnote omitted).

Thus, the trial court did not err in denying Stocia's motion for new trial as to the DUI less safe conviction.

4. The trial court also did not err in denying Stoica's motion for new trial on the failure to maintain a lane conviction. Stoica was charged with "fail[ing] to drive his vehicle as nearly as practicable entirely within a single traffic lane." See OCGA § 40-6-48 (1) ("A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."). The arresting trooper testified that he observed Stoica "completely travel off the right side of the roadway across the fog line and into the concrete median area, failing to maintain his lane." Stoica's failure to maintain lane conviction was based on the trooper's observation rather than on the admission of the

8

BAC evidence or any other evidence related to the DUI charges. One can be guilty of failure to maintain lane without being impaired by alcohol.

5. Stoica argues that the trial court erred in failing to exclude evidence of the blood test, video, and testimonial evidence about his purported consent to the blood test. Even assuming without deciding that this issue is not moot given the grant of Stoica's motion for a new trial, Stoica fails to express exactly what testimonial or video evidence was improperly admitted related to his consent.

In its order partially granting Stoica's motion for new trial, the trial court noted that it had suppressed all of Stoica's custodial statements and that no "improper custodial statements were admitted" at trial. Stoica's vague argument, without more, presents nothing for this Court to review. See generally *Brittain v. State*, 329 Ga. App. 689, 693 (2) (766 SE2d 106) (2014) (nothing to review where appellant provided only "'vague reference' to alleged hearsay statements by various witnesses . . . [and] little detail or specific record citations to the statements he contends were admitted in error by the trial court").

*Judgment affirmed. Boggs and Rickman, JJ., concur*.